Argued March 25; affirmed April 7, 1936

# PIERCE v. PIERCE

(56 P. (2d) 336)

*A. G. Barry,* of Portland (G. F. Nye, of Omaha, Neb., on the brief), for appellant.

*John M. Pipes,* of Portland, for respondent.

CAMPBELL, C. J. Plaintiff is a resident of the state of Oregon. Defendant is a resident of the state of Nebraska. Defendant executed in the state of Oregon for a valuable consideration, her promissory note, payable to plaintiff, in the sum of $1,000 and interest. Upon her failure to pay this note when it became due, this action was brought to recover judgment thereon.

Plaintiff filed his complaint and thereafter his affidavit for attachment, and garnisheed the New York Life Insurance Company, a corporation, organized under the laws of the state of New York, with its home office in said state, but authorized to transact business in the state of Oregon.

To the notice of garnishment, the New York Life Insurance Company filed the following answer:

"The New York Life Insurance Company, a New York Corporation, having its home office and principal office at 51 Madison Avenue, New York City, New York, without waiving any question as to the validity of the notice of garnishment served upon it in the above entitled cause by the sheriff of Multnomah County, Oregon, on January 16, 1934, or any question as to the validity of such service or of the proceedings upon which said notice of garnishment is based, in answer to said notice of garnishment states and alleges as follows:

That on the date of the service of said notice of garnishment there was on deposit with said New York Life Insurance Company under an agreement and account book, its number 16441, issued by it to Elma

A. Pierce at the home office of said company in the City of New York, State of New York, on demand or in sums of not less than $100.00 at one time, on demand, subject, however, to all the terms and conditions set forth in said agreement and account book No. 16441, including among other terms and conditions, the following:

'This agreement is not negotiable nor assignable and must be submitted with each demand for any part of said sum for proper entry herein, and shall be surrendered to the Company whenever the sum so held is paid in full.'

That at the time of the service of said notice of garnishment upon it, New York Life Insurance Company had no notice or knowledge and does not now have any notice or knowledge as to who then had or now has possession of said agreement and account book.

That on October 20, 1932, said New York Life Insurance Company issued to said Elma A. Pierce its annuity policy numbered 42 269, wherein and whereby it agreed to pay at the home office of said company in the City and state of New York to said Elma A. Pierce during her lifetime, an annuity of $373.20, payable in monthly installments of $31.10 per month, commencing with November 20, 1932 and continuing during her lifetime; said monthly payments and all obligations of New York Life Insurance Company to said Elma A. Pierce upon and by reason of said annuity policy terminate with the last monthly payment preceding the death of said Elma A. Pierce and no apportioned annuity payment will be made to the date of her death. Said payments, by the terms of said annuity policy are payable to the said Elma A. Pierce in person and none other. Said policy contains a provision that if the company's check is not to be endorsed personally by the annuitant the company reserves the right to require satisfactory evidence that the annuitant is living on the date the annuity payment falls due and that all benefits under said contract are payable at the home office of the company in the City and State of New York. All payments due to said annuitant under said

annuity policy up to and including November 20, 1932 have been fully paid and on the date said notice of garnishment was served there were unpaid the monthly installments due from December 20, 1932, to December 20, 1933, both dates inclusive.

That on October 20, 1932, said New York Life Insurance Company issued to said Elma A. Pierce its policies of insurance numbered 11 906 162, 11 906 163 and 11 906 164.

At the time said notice of garnishment was so served upon said company there were no debts due or to become due, property, money, rights, dues or creditors of any nature in the hands of or under the control of said company belonging to or owing to the defendant named in said notice of garnishment, except as hereinbefore stated and New York Life Insurance Company by this statement is not admitting that any of the rights or property of defendant herein referred to are subject to attachment or garnishment.''

Thereafter plaintiff filed an affidavit for publication of summons alleging, among other statutory grounds, that defendant had property in the state of Oregon that had been attached. Based on this affidavit, the court made an order for service of summons for publication. Service was duly made according to the statute and judgment entered thereon by default. No complaint is made regarding the affidavit for publication, the order or the service.

Thereafter said defendant appeared specially and moved the court to vacate said default judgment, urging as grounds for said motion that the court was without jurisdiction of defendant's person or property and that the judgment was wholly void. The court overruled the motion and defendant appeals.

There is no dispute as to the facts in the case.

The code provides the manner in which service of summons by publication may be made: "When the defendant is not a resident of the state, but has property therein, and the court has jurisdiction of the subject of the action; * * *". Oregon Code 1930, § 1-506.

The defendant contends that because the agreement and account book referred to in the answer of the garnishee contained an express special limitation or provision in respect to payment, that said sum, represented by said agreement and account book, was not subject to attachment or garnishment in this state.

"The rights or shares which such defendant may have in the stock of any association or corporation, together with the interest and profits thereon, and all other property in this state of such defendant, not exempt from execution, shall be liable to be attached. * * *" Oregon Code 1930, § 4-405.

"* * * 3. Other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having the possession of the same, or if it be a debt, then with the debtor, or if it be rights or shares in the stock of an association or corporation, or interest or profits thereon, then with such person or officer of such association or corporation as this Code authorizes a summons to be served upon." Oregon Code 1930, § 4-406.

The authorities are not uniform and they are difficult to reconcile. In *Chicago R. I. & P. R. Company v. Sturm*, 174 U. S. 710 (43 L. Ed. 1144, 19 S. Ct. 797), the United States Supreme Court held that the true test was whether the garnishee could be sued by the principal debtor (defendant herein) in the county where the garnishment proceedings were instituted. There is a very extensive note to the case of *Bingenheimer Mercantile Co. v. Weber*, 49 N. D. 312 (191 N. W. 620), and

reported in 27 A. L. R. 1392, in which the numerous authorities on the question have been reviewed. However, no attempt had been made by the annotator to reconcile them.

It is contended by the defendant that the New York Life Insurance Company is not suable on this particular deposit in the state of Oregon because the deposit is payable in the state of New York.

■ Until a payor in a contract defaults, no action may be maintained against him on the contract. When default is made, an action may be brought against the payor any place where he may be found.

"Our conclusion is that the right to garnish a debtor is not limited to the situs of the chose in action, and a garnishment by a citizen of one state of a debtor of the same state, whose creditor resides, whose debt was contracted and is payable, in another state, is such an attachment of the chose in action as will authorize the court to obtain jurisdiction to dispose of it by publication of the summons against the defendant." *Tootle v. Coleman,* 46 C. C. A. 132 (107 Fed. 41, 57 L. R. A. 120).

"The fourth proposition insisted upon by counsel for appellee is also untenable. As stated in the argument, that proposition is, that 'the debt being due in Michigan, its *situs* was there, and could not be reached in Illinois by garnishment.' While it is true that for certain purposes the *situs* of a debt is at the residence of the creditor, it is certainly not true that the collection of the debt cannot be enforced in the State where the debtor resides. Under our statute a creditor may have an attachment against his debtor where he is a non-resident of this State." *Pomeroy v. Rand, McNally & Company,* 157 Ill. 176 (41 N. E. 636).

■ A debt due from one person to another is a chose in action, and a chose in action is personal property.

■ The New York Life Insurance Company having obtained a permit to transact business in this state, and having complied with all the laws relating to a foreign corporation transacting business in this state, has therefore submitted itself to the jurisdiction of the courts of this state for all necessary purposes.

*Chicago, R. T. & P. R. Company v. Sturm,* supra, is approved in *Harris v. Balk,* 198 U. S. 215 (49 L. Ed. 1023, 25 S. Ct. 625, 3 Ann. Cas. 1084). *Louisville & Nashville R. R. Company v. Deer,* 200 U. S. 176 (26 S. Ct. 207, 50 L. Ed. 426), approves and relies upon *Harris v. Balk,* supra. *Yazoo, etc. R. R. Company v. Truman,* 195 U. S. 625 (49 L. Ed. 350, 25 S. Ct. 790), relies on the authority of the Sturm case.

A well-considered case, *Baltimore, etc. R. R. Company v. Allen,* 58 W. Va. 388, 392 (112 Am. St. Rep. 975, 3 L. R. A. (N. S. 608, 52 S. E. 465), quotes extensively from the Sturm case, and holds that foreign railroads may be proceeded against as garnishees irrespective of the jurisdiction in which the debts for them were contracted or are payable.

■■ When our statute (§ 4-405, supra) says that "all other property in this state of such defendant" may be attached, it means just what is says, and a chose in action may be attached just the same as tangible, personal property.

The court did not err in refusing to vacate the default judgment.

The judgment of the circuit court will be affirmed.

It is so ordered.

BEAN, BAILEY and RAND, JJ., concur.