Argued and submitted September 14, reversed and remanded October 25, 1989

OBRIST,
*Appellant,*

*v.*

AYLETT et ux,
*Respondents.*

(CV87-842; CA A50970)

781 P2d 381

Dale L. Smith, Hermiston, argued the cause and filed the briefs for appellant.

Mike Kilpatrick, Mt. Vernon, argued the cause for respondents. With him on the brief was Kilpatricks & Pope, Mt. Vernon.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals the trial court's granting of summary judgment for defendants on the ground that plaintiff's claim is barred by the Statute of Limitations. ORS 12.080. We reverse.

Plaintiff leased farm land to defendants. The terms of the five-year lease required them to pay plaintiff a percentage of crop receipts as annual rent:

> "Tenants shall pay to landlord a percentage rent in an amount equal to 50% of tenants' annual gross receipts from the crops grown * * *."

The lease also required regular accountings:

> "Tenants shall make a quarterly accounting to landlord and shall keep complete records of all receipts and expenses and once all crops for that year have been sold, tenants shall make a total accounting for that year to landlord."

The lease was prematurely terminated after the 1980 growing season. Defendants sold all of the crops, except the wheat, which was put into a federal reserve program. In early 1981, defendants made an accounting of their income and expenses for 1980, estimating the value of the unsold wheat and noting that the accounting was not complete, in part because the wheat had not yet been sold.

On May 21, 1981, plaintiff responded to the accounting with a letter to their attorney by his attorney, who incorporated defendants' estimated value of the wheat into his determination of the amount of rent owing plaintiff for 1981. The letter also expressed irritation that defendants had not sold the crops and requested that the crops be sold before a final accounting, concluding:

> "I suggest you talk to [defendants] about my client's objection and his request that the crops be sold. If a satisfactory accounting and payment is not made on or before June 15, 1981, I have been instructed to take whatever action is necessary to have the court settle the accounting and order payment."

Plaintiff took no legal action between the date of the 1981 letter and the date when he initiated this action in 1987. The wheat was not sold until 1984. Defendants supplied plaintiffs with an updated accounting at the beginning of 1982 and

1983, each of which stated that the accounting was not complete because the wheat had not been sold. Defendants provided a final accounting in 1984, after the wheat sale.

On October 16, 1987, plaintiffs brought this action to recover rent for the year 1980. Defendants moved for summary judgment, arguing that the claim for rent accrued in 1981, once plaintiff had received the accounting for the crops grown in 1980. The trial court granted summary judgment on the ground that the claim accrued in 1981 and the six-year statute of limitations for breach of contract had run.

The issue is when plaintiff's right to the rent accrued. Plaintiff argues that the contract did not give him the right to collect the rent until there was a receipt for sale of the crops, so that his right accrued in 1984. Defendants argue that the contract gives plaintiff a right of action as soon as he receives an accounting of all of the crops grown in a year, regardless of when the crops are sold.

"Until a payor in a contract defaults, no action may be maintained against him on the contract." *Pierce v. Pierce,* 153 Or 248, 253, 56 P2d 336 (1936). The meaning of the contract determines the date of the alleged default in payment for the 1980 crops. The plain meaning of the lease appears to tie the rent to the sale of the crops. The rent is based on "annual gross receipts," and the total accounting for the year is not due until "all crops for that year have been sold." Plaintiff's 1981 letter to defendants, asking that the crops be sold and expressing irritation at the delay, suggests that the parties may not have anticipated defendants' use of the federal crop reserve program and that the lease was drafted assuming that all crops that were grown in a year would be sold shortly thereafter.

Defendants point to the letter from plaintiff's lawyer as an admission by plaintiff that the cause of action accrued in 1981, when plaintiff received the first accounting for the 1980 crops. Plaintiff's 1981 demand for payment and his threat to take court action do not prove that, under the contract, the parties intended payment at the time of the accounting, regardless of whether the crops were sold. Plaintiff's 1981 letter ties his demand for a final accounting for 1980 to his request that defendants sell the wheat. Defendants' submission of annual accountings in 1982 and 1983 and their descriptions of the 1981 through 1983 accountings as "not complete"

support plaintiff's argument that the contract required the sale of the wheat before a final accounting and a right to payment.

The language of the contract and the conduct of the parties is evidence that supports plaintiff's contention that his right to payment did not accrue until the crops were sold. The court erred in granting summary judgment to defendants.

Reversed and remanded.