Argued and submitted April 9, affirmed July 14, reconsideration denied
September 29, petition for review denied October 26, 1993 (318 Or 25)

# David A. CORTEZ,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

## (92C-10113; CA A76568)

855 P2d 1154

Bradley P. Avakian, Portland, argued the cause for appellant. With him on the brief was Francesconi & Associates, P.C., Portland.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff filed a complaint alleging that defendant committed an unlawful employment practice in violation of ORS 659.030(1)(a).[1] Defendant filed alternate motions to dismiss and for summary judgment on the ground that plaintiff's claim was barred by the one-year Statute of Limitations.[2] The court granted defendant's motions. Plaintiff appeals, and we affirm.

The undisputed facts are taken from plaintiff's complaint filed on January 22, 1992, and a letter plaintiff wrote to the Corrections Division on January 9, 1991. Plaintiff's complaint alleges in pertinent part:

"2.

"At all material times plaintiff was, and is, an [H]ispanic male working for the State of Oregon in its Corrections Division.

"* * * * *

"4.

"Plaintiff has continually applied for promotions within the Department of Corrections, including a 1990 application for position of EOCI Laundry Manager. Plaintiff was denied each of these positions.

"5.

"In January of 1991, the Laundry Manager position titled Principal Executive Manager D (X70067 Laundry Manager Salem) became available.

"6.

"Plaintiff expressed interest in this position but was not promoted to it. Instead of promoting plaintiff, Bart Carpenter, a previous State employee, was rehired to fill the position on January 22, 1991.

---

[1] ORS 659.030(1) provides:

"For purposes of ORS 659.010 to 659.110, 659.227, 659.330, 659.340, 659.400 to 659.460 and 659.505 to 659.545, it is an unlawful employment practice:

"(a) For an employer, because of an individual's race, religion, color, sex, national origin, marital status, or age * * * to refuse to hire or employ or to bar or discharge from employment such individual."

[2] ORS 659.121(3) provides:

"[T]he civil suit or action shall be commenced within one year of the *occurrence* of the alleged unlawful employment practice." (Emphasis supplied.)

"7.

"In failing to promote plaintiff to the Laundry Manager position, defendant violated its affirmative action policy."

On January 9, 1991, plaintiff wrote a letter to the Director of the Corrections Department, in which he asserted that the Department had decided to hire another person for the position of Laundry Manager. He also pointed out that he had filed a grievance over that employment decision on the basis of racial discrimination. Plaintiff does not dispute that his letter establishes that the decision not to promote him to the position of Laundry Manager was made sometime before January 9, 1991, and that he knew about that decision, at the latest, by January 9, 1991. However, he contends, as he did at trial, that "[n]o unlawful employment practice occurred until defendant actually placed another individual in the Laundry Manager position." We reject that argument for the following reasons.

ORS 659.030(1)(a) provides that it is an unlawful employment practice for an employer to refuse to hire an individual because of that individual's race or national origin. The harm that ORS 659.030(1)(a) sanctions is not just the denial or loss of an employment opportunity, but also the psychologically defeating and stigmatizing injuries caused by feelings of inferiority and indignity that flow from employment decisions motivated by racial animus or bias. *Montgomery Ward v. Bureau of Labor*, 42 Or App 159, 163, 600 P2d 452, *rev den* 288 Or 81 (1979); *see Brown v. Board of Education of Topeka*, 347 US 483, 494, 74 S Ct 686, 98 L Ed 873 (1954). In situations involving a refusal to hire or promote, that kind of harm occurs whether or not the position is ever filled by another person.

The only evidence in the record, plaintiff's letter, establishes that both the employment decision and plaintiff's discovery that the refusal to promote him was racially motivated occurred on or before January 9, 1991. Plaintiff's unlawful employment practice claim accrued, and the Statute of Limitations began to run, at the latest, on January 9, 1991. No separate claim accrued to plaintiff when Carpenter began working in the position on January 22, 1991. Plaintiff did not file his complaint until January 22, 1992. The court correctly

concluded that plaintiff's claim was barred by the Statute of Limitations.

Affirmed.