Argued and submitted March 29; resubmitted In Banc September 7, reversed and remanded November 23, 1994, petition for review allowed February 28, 1995
(320 Or 587)
See later issue Oregon Reports

# Cheryl HUFF,
## *Appellant,*

*v.*

# GREAT WESTERN SEED CO.,
## a New Jersey corporation,
## and Lance Dickey,
## *Respondents.*

### (930061; CA A80301)

885 P2d 723

In Banc*

. Mark K. Grider argued the cause and filed the brief for appellant.

Kathy A. Peck argued the cause for respondents. With her on the brief were Janice L. Hirsch and Williams, Zografos, Peck & Atwood, PC.

De MUNIZ, J.

---

## De MUNIZ, J.

Plaintiff brought this action against her former employer, Great Western Seed Co., and its general manager, Dickey, alleging that defendants committed unlawful employment practices under ORS 659.410, ORS 659.415 and ORS 659.420,[1] by not reemploying plaintiff after she had suffered a work-related injury and by firing her because she had sought workers' compensation remedies. Defendants moved to dismiss the complaint on the grounds that the action was untimely under the one-year limitation period in ORS 659.121(3). *See* ORCP 21A(9). The trial court granted the motion and entered judgment for defendants. Plaintiff appeals, contending that the trial court erred by allowing the motion to dismiss. We reverse.

After a number of plaintiff's earlier attempts to gain reemployment had failed, defendants allowed her to return to work on January 2, 1992. They fired her on January 9. Plaintiff alleges:

> "At the time of plaintiff's termination, plaintiff was informed that she was being terminated for having a 'bad attitude.' At the time, plaintiff did not view the defendant[s'] action in terminating her as having been the result of her use of the workers' compensation remedies, but on or about January 24, 1992, plaintiff received a copy of a memo signed by defendant Lance Dickey which stated that plaintiff was discharged by defendants for '* * * actively promoting and

---

[1] ORS 659.410(1) provides:

"It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 or of ORS 659.400 to 659.460 or has given testimony under the provisions of such sections."

ORS 659.415(1) provides, in part:

"A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position."

ORS 659.420(1) provides:

"A worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable."

advocating fraudulent injury claims in the category of workman's [*sic*] compensation against the SAIF Insurance Co.' "

ORS 659.121(3) provides that actions under, *inter alia*, ORS 659.410, ORS 659.415 and ORS 659.420 "shall be commenced within one year of the occurrence of the alleged unlawful employment practice." Plaintiff instituted this action on January 20, 1993, more than one year after her termination, but less than a year after her discovery of Dickey's memorandum, which tied the discharge to her invocation of the workers' compensation system.

Plaintiff relies on *Kraxberger v. Chevron USA, Inc.*, 118 Or App 686, 848 P2d 1242 (1993), and *Cortez v. State of Oregon*, 121 Or App 602, 855 P2d 1154, *rev den* 318 Or 25 (1993). In those cases, we held that the "discovery rule" is applicable to ORS 659.121(3), and, therefore, the limitation period under it does not begin to run until the plaintiff discovers, or reasonably should have discovered, the existence of a claim against the defendant. According to plaintiff, she obtained the necessary knowledge through Dickey's memorandum, and she could not reasonably have discovered the existence of her claim before she discovered the memorandum. Defendants assert, *inter alia*, that *Kraxberger* and *Cortez* support their position that the action is untimely.[2]

In *Kraxberger*, the plaintiff claimed that the defendant employer had violated ORS 659.420 by not reemploying her in an available and suitable position, on her demand, after she suffered a compensable injury. We first concluded that the discovery rule applies to ORS 659.121(3), explaining:

"ORS 659.121(3) requires that any action claiming violation of ORS 659.420 'shall be commenced within one year of the occurrence of the alleged unlawful employment practice.' Plaintiff's claim, filed in July, 1990, is untimely if the Statute of Limitations began to run before July, 1989. The parties cite no case, and we find none, that addresses the issue of when the Statute of Limitations begins to run under ORS 659.420. To resolve that issue, we must first set out the

[2] Although plaintiff's complaint sets forth only one claim, a number of unlawful employment practices, which took place at different times, are alleged. For purposes of this appeal from the dismissal of the entire action, the parties' arguments correctly focus on whether the motion was properly allowed with respect to the most recent of the alleged unlawful practices. By addressing that question, we imply no view as to the timeliness of the action as it relates to any earlier event.

substance of the unlawful employment practice defined in that statute.

"The statute provides that an employer commits an unlawful employment practice when it refuses an injured worker's demand for reemployment in work that is suitable and available. ORS 659.420(1). Plaintiff argues that the Statute of Limitations should not begin to run until an injured worker knows or should know that suitable work is available after the employer has refused the worker's demand. We agree. Without that knowledge, an injured worker would have no reason to bring an action alleging an unlawful employment practice. *See Williams v. Waterway Terminals Co.*, 298 Or 506, 693 P2d 1290 (1985).

"* * * * *

"The Statute of Limitations begins to run when a worker who has made a demand in accordance with the administrative scheme knows or should know that work is available and suitable." 118 Or App at 690-91. (Footnotes omitted.)

We nevertheless concluded that the plaintiff's claim was time-barred, because she was aware of the existence of an available and suitable position more than one year before she brought her action.

In *Cortez*, the plaintiff claimed that the defendant employer refused to promote him because of race, in violation of ORS 659.030(1)(a).[3] We again applied the discovery rule, but also again held that the claim was not timely. Although the plaintiff knew more than one year before initiating suit that he had been refused promotion for racially motivated reasons, he contended that the unlawful practice did not occur until the defendant hired another person to fill the position that the plaintiff had sought. We disagreed and concluded that, because the unlawful practice was the earlier discriminatory refusal itself, the action was untimely.

Defendants argue that *Kraxberger* and *Cortez* favor their position, because, in each case, we held that the plaintiff's discovery of a particular event, rather than the plaintiff's discovery of the employer's wrongful motive, triggered

---

[3] Under ORS 659.030(1)(a), it is an unlawful employment practice for an employer, *inter alia*, to discriminate in hiring on the basis of race or other enumerated statuses. ORS 659.121 applies to actions brought to redress violations of ORS 659.030.

the running of the statute. Here, defendants reason, the relevant event was plaintiff's discharge, of which she was aware when it happened, and her later discovery of the memorandum revealing defendants' motive was irrelevant.

*Cortez* and *Kraxberger* do not assist defendants. In this case, like those, the threshold question is *what* the plaintiff had to discover in order to be aware of the existence of a claim. In *Kraxberger*, the employer's failure to offer the available and suitable position was a *per se* unlawful employment practice under ORS 659.420, without regard for the employer's motive. *See Palmer v. Central Oregon Irrigation Dist.*, 91 Or App 132, 136, 754 P2d 601, *rev den* 306 Or 413 (1988). There was and could have been no issue about the discovery of the employer's motive in *Kraxberger*, because motive is not relevant to a claim under ORS 659.420.

Conversely, under ORS 659.030(1)(a), the statute involved in *Cortez*, the employer's discriminatory motive is an essential component of the alleged unlawful employment practice. However, the plaintiff there had discovered "both the employment decision and * * * that the refusal to promote him was racially motivated" more than one year before the action was brought. 121 Or App at 605. In other words, at the time of the decision not to promote him, the plaintiff in *Cortez* had the requisite knowledge of the employer's discriminatory motive to make him aware that an unlawful practice had occurred, while plaintiff alleges here that, at the time she was fired, she did not have the corresponding knowledge.

■■ Like *Cortez* and unlike *Kraxberger*, the employer's *act* here was not, in itself, an unlawful employment practice. Under ORS 659.410, there must be a discriminatory motive in order for a violation to occur; moreover, an employer is free to discharge an employee, *at least* for cause, notwithstanding—but not because of—the employee's involvement with the workers' compensation system. *See Vaughn v. Pacific Northwest Bell Telephone* 289 Or 73, 611 P2d 281 (1980). Defendants' discharge of plaintiff could be an actionable violation of ORS 659.410 only if they acted with a discriminatory motive, and not if they fired plaintiff solely for the reason she alleges they gave her at the time of the discharge.

■ Taking plaintiff's allegations as true, as we do for purposes of reviewing the granting of the motion to dismiss, all that she knew on January 9, 1992, was that she was fired and that the stated explanation was her perceived "bad attitude." According to plaintiff's allegations, it was not until she received Dickey's memorandum on January 24 that she gained any information linking the firing and defendants' motive for it to her involvement with the workers' compensation system. She brought her action less than one year thereafter. Whether she in fact knew or should have known that she had a claim sooner than that is a question for the trier of fact. *Peterson v. Mult. Co. Sch. Dist. No. 1*, 64 Or App 81, 85, 668 P2d 385, *rev den* 295 Or 773 (1983). The complaint does not show on its face that the action is barred by the Statute of Limitations. *See Munsey v. Plumbers' Local #51*, 85 Or App 396, 399, 736 P2d 615 (1987).

The trial court erred by granting the motion to dismiss.

Reversed and remanded.