Argued and submitted January 9, decision of Court of Appeals reversed and judgment of circuit court affirmed June 8, reconsideration denied November 6, 2001

Peter GLADHART
and Emily Gladhart,
husband and wife;
Wild Plum Farms, Inc.,
an Oregon Corporation,
dba Winter's Hill Vineyard,
*Respondents on Review,*

*v.*

OREGON VINEYARD SUPPLY COMPANY,
an Oregon Corporation;
and Karen Benoit,
Personal Representative of
the Estate of Mark Benoit,
*Petitioners on Review.*

(CC CV97346; CA A100805; SC S47211)

26 P3d 817

Thomas M. Christ, of Mitchell, Lang & Smith, Portland, argued the cause and filed the briefs for petitioners on review.

James H. Marvin, of Marvin, Chorzempa & Associates, P.C., Portland, argued the cause for respondents on review. With him on the brief was J. Nicholas Baldwin-Sayre.

Roger K. Stroup, of Bodyfelt Mount Stroup & Chamberlin, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Robert K. Udziela and Scott A. Shorr, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

DE MUNIZ, J.

## DE MUNIZ, J.

This is a products liability case involving the timeliness of plaintiffs' complaint. Until the legislature codified a civil action for products liability in 1977, a products liability claim was considered a common-law action, subject to the general tort limitations period specified in ORS 12.010 and ORS 12.110. *See Redfield v. Mead, Johnson & Co.*, 266 Or 273, 279, 512 P2d 776 (1973) (applying two-year statute of limitations to product liability claim). The commencement of the limitation period for product liability actions under those statutes was conditioned on discovery of the harm. *See Berry v. Branner*, 245 Or 307, 315-16, 421 P2d 996 (1966) (discovery rule incorporated in ORS 12.010).

However, when the legislature codified a civil action for products liability in ORS 30.900, it also enacted ORS 30.905(1) and (2). Those statutory provisions establish separate limitation periods within which a product liability action must be commenced. ORS 30.905(2) specifies, in part, that a product liability action "shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs." The Court of Appeals held that plaintiffs' product liability action was filed timely because plaintiffs' injury did not "occur" until plaintiffs discovered the injury. *Gladhart v. Oregon Vineyard Supply Co.*, 164 Or App 438, 994 P2d 134 (1999). We allowed defendant's petition for review and now hold that, under ORS 30.905(2), the "death, injury or damage complained of occurs" when the harm or damage happens, whether or not the plaintiff discovers those consequences within the ensuing two-year period.

The trial court decided plaintiffs' product liability claim on a motion to dismiss.[1] Accordingly, we begin by summarizing the pertinent facts found in plaintiffs' complaint. *See Huff v. Great Western Seed Co.*, 322 Or 457, 460, 909 P2d 858 (1996) (stating methodology). In February 1991, plaintiffs purchased grape plants from Oregon Vineyard Supply

---

[1] Plaintiffs' complaint also included claims for negligence, negligence *per se*, negligent misrepresentation, breach of contract, and breach of warranty. The trial court dismissed those claims and the Court of Appeals affirmed. *Gladhart v. Oregon Vineyard Supply Co.*, 164 Or App 438, 994 P2d 134 (1999). Those rulings are not at issue on review.

Company, a nursery owned by the late Mark Benoit. Benoit and his company ("defendants") guaranteed that the stock was free of phylloxera, a microscopic aphid that feeds on grape vine roots, reduces grape production and, eventually, kills the plant. The Oregon Department of Agriculture also certified the stock to be phylloxera-free. Soon thereafter, plaintiffs planted the stock in their existing vineyard. In October 1995, plaintiffs discovered that their vineyard was infested with phylloxera. In September 1997, they brought this action against defendants.[2] Plaintiffs' product liability claim asserts that defendants' grape stock was not phylloxera-free as guaranteed and that plaintiffs were injured when they purchased and planted the stock in 1991.

■　　On review, defendants contend that plaintiffs' action was not timely because ORS 30.905(2) requires that the action be "commenced not later than two years after the date on which the death, injury or damage complained of occurs." According to defendants, plaintiffs' injury "occurred" more than two years before plaintiffs filed their complaint. Plaintiffs assert, however, that ORS 30.905(2) includes a "discovery rule," which means that the two-year period did not begin to run until plaintiffs discovered that they had been injured.

■　　At the outset, we observe, that "[a] discovery rule cannot be assumed, but must be found in the statute of limitations itself." *See Huff*, 322 Or at 462 (ORS 659.121(3) requiring action to "be commenced within one year of the occurrence of the alleged unlawful employment practice" does not incorporate a discovery rule). Whether the statute contains a discovery rule is a matter of legislative intent. Under the interpretive methodology established by this court in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), we first examine the text and context of a statute, because the statute's wording "is the best evidence of the legislature's intent." *Id.* at 610. The context of a statute, also relevant at the first level of analysis, may

---

[2] Plaintiffs also brought an action against the State of Oregon. This appeal is from an ORCP 67 B judgment dismissing plaintiffs' claims against Benoit and Oregon Vineyard Supply Company. The State of Oregon is not a party to this appeal.

include other provisions of the same statute and related statutes. *Id.* If, but only if, the intent of the legislature cannot be ascertain from the first level of analysis, will this court consider legislative history. *PGE*, 317 Or at 611.

ORS 30.905(2) provides:

"Except as provided in ORS 30.907 and 30.908(1) to (4), a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

The two-year period of limitation in the statute begins to run on "the date on which the death, injury or damage complained of occurs." *Id.* The legislature did not use the words "discover" or "discovery" to describe when the two-year limitation period begins to run. Neither did the legislature use the term "accrued" as it did in ORS 12.010—a term that this court, in 1966, concluded did incorporate a discovery rule. *See Berry*, 245 Or at 315-16 (cause of action "accrued" at time plaintiff obtained knowledge, or reasonably should have obtained knowledge, of tort committed upon her person by defendant). The legislature's failure to use those words or make any apparent reference to the discovery of the injury in the text of the statute suggests that the legislature did not intend to place a discovery rule in ORS 30.905(2).

Nevertheless, plaintiffs contend that the word "occurs" incorporates a discovery rule. The statute does not define "occurs." We accord undefined words of common usage their "plain, natural, and ordinary meaning." *PGE*, 317 Or at 610-11. The dictionary defines "occur" as follows:

"1.   To be found or met with: APPEAR * * * 2. To present itself: come to pass; take place: HAPPEN * * * 3. To come to mind: suggest itself ‹something *occurred* to him which he had never thought of before—Louis Bromfield›."

*Webster's Third New Int'l Dictionary*, 1561 (unabridged ed 1965).

Plaintiffs argue that the first and third dictionary definitions, "appear" and "to come to mind/suggest itself," support their contention that events do not occur until an observer notices or discovers them. However, defendants point out that the second definition "to present itself/come to

pass/take place/happen," supports the contrary construction, *viz.*, that the limitation period begins to run when the death, injury or damage happens, whether or not the event is discovered.

The contrasting definitions do not stand on equal footing. Even assuming, as plaintiffs do, that the definitions that plaintiffs embrace "appear" and "to come to mind/suggest itself"—are themselves similar in meaning, those definitions refer to abstractions and ideas rather than to events. In contrast, the definitions "to present itself/come to pass/take place/happen" deal with events. The words "death, injury, or damage" used in ORS 30.905(2) refer to events, not to abstractions or ideas. Accordingly, when considered without reference to other contextual clues, the term "occurs" describes the happening of an event, not its eventual discovery.

There are, however, other significant contextual clues to the legislature's intent. As enacted originally, ORS 30.905(2) (1977) stated:

"A product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

In 1983, the legislature amended ORS 30.905 by adding subsections (3) and (4). Or Laws 1983, ch 143, § 1. Only subsection (3) is relevant here, and it established a two-year limitation period for product liability actions for asbestos-related diseases. Unlike the original enactment, subsection (3) provided that the product liability action "shall be commenced not later than two years *after the date on which the plaintiff first discovered, or in the exercise of reasonable care should have discovered,* the disease and the cause thereof." (Emphasis added.) When the legislature added subsection (3) to ORS 30.905, it also amended subsection (2) by inserting the phrase "[e]xcept as provided in subsection (3) of this section." In excepting subsection (3) from the reach of subsection (2), the legislature, in 1983, expressly included a discovery rule in product actions for asbestos-related disease, leaving all other product actions subject to the limitation period specified in subsection (2).

In 1987, the legislature added subsection (5) to ORS 30.905. That subsection established a two-year limitation period for product liability actions involving intrauterine contraceptive devices.[3] Again, the legislature expressly provided a discovery rule. At the same time, the legislature amended ORS 30.905, renumbering subsection (3) as ORS 30.907 for product liability actions based on asbestos-related disease. Or Laws 1987, ch 4, §§ 1-10.

Finally, in 1993, the legislature enacted ORS 30.908, creating a specific limitation period for product liability actions involving death, injury or damage resulting from breast implants. Again, the legislature expressly provided that those actions be "commenced not later than two years after the date on which the plaintiff first discovered, or in the exercise of reasonable care should have discovered" the death, injury or disease. Or Laws 1993, ch 259, §§ 4, 5. At that time, the legislature also amended ORS 30.905(2) to except "ORS 30.907 and 30.908(1) to (4)" from the limitation period expressed in subsection (2). *Id.* at § 6.

The legislature intended the amendments in 1983, 1987 and 1993 to except certain product actions from the limitation period originally enacted in ORS 30.905(2). The limitation periods expressed in those later provisions contain an express discovery rule. Although those later-enacted provisions do not establish the legislature's intent when it enacted ORS 30.905(2), they are strong evidence that, when the legislature intends to condition the commencement of a limitation period on the discovery of the harm, it knows how to express that intention. *See Armstrong v. Rogue Federal Credit Union*, 328 Or 154, 160, 969 P2d 382 (1998) (legislature's demonstrated ability to condition cause of action provides context for statutory construction); *State v. Vasquez-Rubio*, 323 Or 275, 281, 917 P2d 494 (1996) (applying same principle in criminal setting); *see also State ex rel Hall v. Riggs*, 319 Or 282, 286, 877 P2d 56 (1994) ("[T]he legislature knows how to distinguish between reasons for an action

---

[3] A sunset provision repealed section (5) on July 1, 1989. Or Laws 1987, ch 4, § 7 *complied as a note after* ORS 30.905 (1987).

when it wishes to do so."); *PGE*, 317 Or at 614 ("The legislature knows how to include qualifying language in a statute when it wants to do so.").

Moreover, by 1977, the legislature clearly had demonstrated its ability to express a discovery rule in numerous other limitation statutes. *See, e.g.,* ORS 12.110(1) (1977) (action based in fraud or deceit "shall be deemed to commence only from the discovery of the fraud or deceit"); ORS 12.110(4) (1977) (action based on medical treatment "shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered"); ORS 72.7250(2) (1977) (action for breach of warranty extending to future performance "accrues when the breach is or should have been discovered"); ORS 273.241(2) (1977) (action based on removal of material from state lands "must be commenced within six years from the date of the trespass or the date on which the trespass is discovered by the state, whichever last occurs"); ORS 618.516(5) (1977) ("actions brought under this section shall be commenced within one year from the discovery of the security seal violation"); ORS 646.638(5) (1977) (actions for unlawful trade practices "shall be commenced within one year from the discovery of the unlawful method, act or practice"); ORS 656.807(1) (1977) (claims for occupational disease shall commence "180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease").

We conclude, based on the text and context, that the legislature's intent is clear. ORS 30.905(2) does not contain a so-called "discovery rule." The legislature used the word "occurs" in the sense of an event that happens, rather than an idea that comes to mind. The phrase "death, injury or damage" describes events, not abstractions or ideas. The legislature knows how to express a discovery rule when it desires to do so. The legislature did not include the words "discover," "discovery," or any words that imply a similar meaning in ORS 30.905(2). Accordingly, the limitation period expressed in ORS 30.905(2) begins to run when the "death, injury or damage complained of" happens, whether or not the plaintiff discovers the harm within the ensuing two years. The complaint alleges that plaintiffs' injury occurred in 1991, when

they purchased and planted the infested grape stock in their vineyard. Plaintiffs did not file their complaint until 1997, which was more then two years after the limitation period in ORS 30.905(2) began to run. The trial court properly dismissed plaintiffs' complaint.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.