Argued and submitted November 1, 2001, decision of Court of Appeals reversed;
judgment of circuit court affirmed April 25, 2002

## Frederick C. DYMOCK, Jr.,
*Respondent on Review,*

*v.*

## NORWEST SAFETY PROTECTIVE EQUIPMENT FOR OREGON INDUSTRY, INC.,
an Oregon corporation,
*Petitioner on Review.*

(CC 16-98-18369; CA A105112; SC S48333)

45 P3d 114

Terrence J. Hammons, Hammons & Mills, Eugene, argued the cause and filed the brief for petitioner on review.

David L. Jensen, Jensen, Elmore & Stupasky, P.C., Eugene, argued the cause and filed the brief for respondent on review.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and Balmer, Justices.**

LEESON, J.

---

** De Muniz, J., did not participate in the consideration or decision of this case.

## LEESON, J.

The issue on review in this case is whether plaintiff stated a claim for wrongful discharge after defendant terminated plaintiff's employment for refusing to sign an agreement that included a nonsolicitation provision. The trial court granted defendant's motion to dismiss plaintiff's complaint. The Court of Appeals reversed. *Dymock v. Norwest Safety Protective Equipment*, 172 Or App 399, 401, 19 P3d 934 (2001). On review, we reverse the decision of the Court of Appeals.

Because this case was decided on a motion to dismiss, we take the facts from plaintiff's complaint. *See Huff v. Great Western Seed Co.*, 322 Or 457, 460, 909 P2d 858 (1996) (stating methodology). Plaintiff began working for defendant in 1981. In 1998, defendant ordered plaintiff to sign a document entitled "Restrictive Agreement" that contained multiple provisions, including the following "nonsolicitation" provision:

"2. Nonsolicitation. Employee agrees, during the term of employment and for a period of five years thereafter, that he/she shall not:

"2.1 Solicit the business of any business entity which was a customer of Company at any time during Employee's employment, or where such entity was a target of Company's marketing; and

"2.2 Offer employment to any employee or employees of Company who were employees at any time during Employee's employment with the Company."

Plaintiff refused to sign the agreement, and defendant terminated plaintiff's employment. Plaintiff's wrongful discharge claim asserts that defendant improperly ordered plaintiff to sign a noncompetition agreement because the agreement had not been presented to plaintiff at the time of plaintiff's initial employment with defendant or at the time of a bona fide advancement.[1]

---

[1] ORS 653.295 provides, in part:

"(1) A noncompetition agreement entered into between an employer and employee is void and shall not be enforced by any court in this state unless the agreement is entered into upon the:

Defendant moved to dismiss the complaint for failure to state a claim. ORCP 21 A(8). Defendant argued that the agreement was a "confidentiality and nonsolicitation agreement," which is different from a noncompetition agreement. In the alternative, defendant contended that, even assuming that the agreement was a noncompetition agreement, plaintiff had not stated a claim for the tort of wrongful discharge. The trial court granted defendant's motion to dismiss on the ground that the agreement was "not a 'noncompetition agreement' as defined by [ORS 653.295]."

In reversing the trial court's judgment, the Court of Appeals first held that the agreement at issue is a noncompetition agreement under ORS 653.295. *Dymock*, 172 Or App at 404. That court then held that plaintiff had stated a claim for wrongful discharge, because defendant had discharged plaintiff for invoking an important employment-related statutory right when plaintiff refused to sign the noncompetition agreement. *Id.* at 406.

■ We first address whether the agreement that defendant allegedly ordered plaintiff to sign is a noncompetition agreement. Following the methodology prescribed by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), the Court of Appeals examined the text and context of ORS 653.295(6)(c) to determine the legislature's intent in using the term "noncompetition agreement" in that statute. *Dymock*, 172 Or App at 403-04. It concluded at the first level of statutory analysis that the legislature intended the

---

"(a) Initial employment of the employee with the employer; or

"(b) Subsequent bona fide advancement of the employee with the employer.

"* * * * *

"(6) As used in this section:

"* * * * *

"(c) 'Noncompetition agreement' means an agreement, written or oral, express or implied, between an employer and employee under which the employee agrees that the employee, either alone or as an employee of another person, shall not compete with the employer in providing products, processes or services, that are similar to the employer's products, processes or services for a period of time or within a specified geographic area after termination of employment."

term "noncompetition agreement" to include a nonsolicitation agreement of the kind involved in this case. *Id.* at 404. Defendant has offered no persuasive reason why the Court of Appeals erred in its interpretation of the statute, and we find no error.

We turn to whether plaintiff has stated a claim for wrongful discharge by alleging that defendant terminated his employment because he refused to sign a noncompetition agreement. Plaintiff contends that he was discharged for pursuing an employment-related right that reflects an important public interest and that, under this court's decision in *Delaney v. Taco Time Int'l*, 297 Or 10, 681 P2d 114 (1984), he has stated a claim for wrongful discharge. Defendant responds that ORS 653.295 does not create a right to refuse to sign a noncompetition agreement and that, even if the statute does create such a right, this court should not recognize an infringement on that right as implicating the tort of wrongful discharge, because the right is one of private, not public, interest.

In *Delaney*, this court summarized its case law regarding the circumstances in which an employer can be held liable for wrongful discharge as an exception to the at-will employment doctrine. 297 Or at 15-16. The court explained that one of those circumstances is when the employer terminated the employee for pursuing "a right related to his role as an employee *and* the right is one of important public interest indicated by constitutional and statutory provisions." *Id.* at 16 (emphasis added). Under that analysis, the initial question is whether plaintiff was discharged for exercising an employment-related right. *See Brown v. Transcon Lines*, 284 Or 597, 588 P2d 1087 (1978) (recognizing claim for wrongful discharge when employee discharged for exercising statutory right to file workers' compensation claim); *Campbell v. Ford Industries, Inc.*, 274 Or 243, 250-51, 546 Or 141 (1976) (recognizing that employee who was also stockholder had statutory right to examine corporate records, but rejecting claim for wrongful discharge because right not employment-related).

As noted, plaintiff contends that ORS 653.295 confers an employment-related right not to sign noncompetition

agreements that are presented at times other than permitted by that statute. Plaintiff is incorrect. By its terms, ORS 653.295 declares that noncompetition agreements that employers present to employees at times other than those that the statute permits are void, and it bars courts from enforcing them. Nothing in the statute confers a right to refuse to sign such agreements. We decline to read into ORS 653.295 a right that the legislature has not chosen to create. *See* ORS 174.010 (judges not to insert into statutes what has been omitted or to omit what has been inserted). Because ORS 653.295 does not confer on plaintiff the right to refuse to sign the agreement that is at issue in this case, and because plaintiff asserts no other source of such a claimed right, our inquiry is at an end. Plaintiff has failed to state a claim for wrongful discharge.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.