Delores A. COOK, Plaintiff—Appellant,

v.

CULBRO CORPORATION, a foreign corporation; Philip Morris Incorporated, aka Philip Morris USA; Philip Morris Companies Inc., Virginia corporations; Sibjet, A French Company hereinafter Djeep; General Cigar Holdings Inc, Defendants—Appellees.

Delores A. Cook, Plaintiff—Appellee,

v.

Culbro Corporation, a foreign corporation; Philip Morris Incorporated, aka Philip Morris USA; Philip Morris Companies Inc., Virginia corporations; Sibjet, A French Company hereinafter Djeep; General Cigar Holdings Inc, Defendants—Appellants.

No. 01–35070, 02–35090.

D.C. No. CV–98–00669–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided July 25, 2002.

Before GOODWIN, T.G. NELSON and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

After a disposable cigarette lighter exploded and blinded her right eye, Delores Cook ("Cook") filed suit against the manu-facturer and distributor of the cigarette lighter, along with the manufacturer of the cigarettes that had been packaged with the lighter. Cook appeals the summary judgment based on Oregon's two-year statute of limitations. The defendants appeal the district court's order extending time to file the notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the judgment and order.

## I. Notice of Appeal

■ The defendants contend that Cook filed an untimely notice of appeal because her lawyer incorrectly assumed the day final judgment was entered. They contend that counsel's mistakes are not sufficient grounds for granting more time to file a notice of appeal.

Because Cook filed her motion after the initial appeal period had expired, she must show "excusable neglect." *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982). To determine if neglect is excusable, we consider "all relevant circumstances surrounding the party's omission," *Pioneer Inv. Servs, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, ——, 123 L.Ed.2d 74, —— (1993), including "the danger of prejudice to the non-movant, the length of the delay and its potential impact upon judicial proceedings, the reason for the delay and whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996).

Here, the district court did not extend time solely because of mistakes committed by Cook's lawyer, but found that "unusual circumstances" regarding the timing of final judgment made the late filing excusa-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ble. Judgment was not entered until a few days after the opinion was issued, and an amended opinion was published shortly thereafter. The court concluded that various filings made uncertain the day final judgment was actually entered, and the time period within which Cook should file a notice of appeal. Meanwhile, the court found no evidence of bad faith by Cook, and concluded that the filing, late by one day, did not prejudice the defendants. Under the circumstances, the district court did not err in allowing Cook more time to file a notice of appeal.

## II. Statute of limitations

Cook contends that she commenced her action within the two years prescribed by Or.Rev.Stat. § 30.905(2).[1] Although Cook was injured on June 3, 1996, the parties agree that the present action was not "commenced" until August 4, 1998, when Philip Morris (and arguably Culbro) received and signed a copy of the summons. *See* Or.Rev.Stat. § 12.020(1) (an action is not commenced until plaintiff files a complaint and serves the summons on the defendants). The only issue in dispute is whether the statutory time began to run (1) on the day of the injury, or (2) when Cook discovered, or should have discovered, the identity of the defendants (the "discovery rule").

■ The district court found that Ore. Rev.Stat. § 30.905(2) contains a discovery rule. Therefore, the primary concern at summary judgment was whether undisputed facts established that Cook should have identified the defendants more than two years before commencing her action.

While this appeal was pending, the Oregon Supreme Court rejected the district court's interpretation of § 30.905(2). *See Gladhart v. Vineyard Supply Co.*, 332 Or. 226, 234, 26 P.3d 817, 821 (2001). The *Gladhart* court reasoned that, while the state legislature has amended other limitations statutes to include a discovery rule, it did not insert such language into § 30.905(2). *Id.* at 233–34. Accordingly, the court concluded that the limitations period prescribed in § 30.905(2) is not tolled until plaintiff discovers her claims, but begins to run on the day of the injury. *Id.* at 234.

Cook contends that *Gladhart* is not controlling because Oregon courts have not determined the retroactivity of the ruling. Her argument, however, seems to be foreclosed by the decision of the *Gladhart* court to apply the ruling to the parties in that case. *See Gladhart*, 332 Or. at 235, 26 P.3d at 821; *see also FBW Enters. v. Victorio Co.*, 821 F.2d 1393, 1395 (9th Cir. 1987) (applying a new state court decision to a pending appeal where the state court that announced the decision applied it to the parties in that case). Furthermore, applying *Gladhart* here is consistent with the general principle that federal appellate courts in diversity cases apply state law as it exists at the time of the appeal. *Nelson v. Brunswick Corp.*, 503 F.2d 376, 381 (9th Cir.1974). Since Cook failed to commence her action within two years of the day of her injury, her claims are time-barred under *Gladhart*.

**AFFIRMED.**

---

1. Or.Rev.Stat. § 30.905(2) provides in part: "a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."