603

Argued and submitted July 26, 2011, affirmed August 8, 2012

Joan RICE,
*Plaintiff-Appellant,*
*v.*

Mary RABB,
*Defendant-Respondent,*
*and*

R-UP & HAPPY CANYON HALL OF FAME,
*Defendant.*

Umatilla County Circuit Court
CV091445; A145606

284 P3d 1178

George W. Kelly argued the cause and filed the brief for appellant.

David D. Gallaher argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.*

---

* Brewer, J., *vice* Edmonds, S. J.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff appeals from a judgment dismissing her claims for conversion and replevin on the ground that the claims were time barred under the six-year statute of limitations governing actions for the taking of personal property, ORS 12.080(4). On appeal, plaintiff contends that, although her action was not commenced within six years of the date her property was taken, her action was nevertheless timely because the statute of limitations in ORS 12.080(4) incorporates a "discovery rule," which tolls the statute until a plaintiff has actual or constructive knowledge of the injury. We conclude that ORS 12.080(4) does not incorporate a discovery rule and that plaintiff's action, therefore, was time barred. Accordingly, we affirm.

Because the trial court decided plaintiff's claims on a motion to dismiss, we summarize the relevant facts as they are alleged in plaintiff's complaint. *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 229, 26 P3d 817 (2001). In 1964, plaintiff's husband inherited an outfit worn by the 1930 "Queen of the Pendleton Round-Up." Shortly after inheriting the outfit, plaintiff and her husband were approached by Lieuallen, who asked if she could take ownership of the outfit. Plaintiff and her husband declined. A short time later, however, plaintiff and her husband decided to display the outfit at the Pendleton Round-Up and Happy Canyon Hall of Fame (Hall of Fame). As a result, they asked Lieuallen to transport the outfit to the Hall of Fame for that purpose, which she did. No gift was granted and no indicium of ownership was given to Lieuallen.

Plaintiff inherited the outfit from her husband in 1972. The outfit remained on display in the Hall of Fame until 2000, when defendant—an heir of Lieuallen—demanded that the Hall of Fame give her possession of the outfit. The Hall of Fame did so. Plaintiff, who has been legally blind for many years, was unable to visually verify whether the outfit was still on display. In 2007, when the Hall of Fame was relocating, she finally discovered that the outfit had been removed by defendant. Plaintiff then demanded return of the outfit, and defendant refused.

In 2009, plaintiff brought an action against defendant for replevin and conversion, seeking recovery of the personal property or, in the alternative, damages.[1] Defendant filed a motion to dismiss pursuant to ORCP 21 A(9), arguing that the action was barred under the six-year statute of limitations in ORS 12.080(4). Plaintiff argued that the statute of limitations incorporated a discovery rule and that, because she had no actual or constructive knowledge of the conversion until 2007, her action was not time barred. The trial court granted defendant's motion to dismiss, and plaintiff appealed. The parties renew the arguments that they raised in the trial court.

Whether a statute of limitations incorporates a discovery rule is a question of legislative intent, which we resolve using the usual methodology set forth in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). *Gladhart*, 332 Or at 230 (following statutory construction methodology to determine whether ORS 30.905(2) contains a discovery rule). We thus begin with the text and context of the statute, mindful that "[a] discovery rule cannot be assumed, but must be found in the statute of limitations itself." *Huff v. Great Western Seed Co.*, 322 Or 457, 462, 909 P2d 858 (1996). ORS 12.080(4) provides that

> "[a]n action for taking, detaining or injuring personal property, including an action for the specific recovery thereof, excepting an action mentioned in ORS 12.137[,] shall be commenced within six years."

The statute does not, on its face, contain a discovery rule. By contrast, some of the other statutes in ORS chapter 12 contain express discovery provisions, including ORS 12.137, which is referenced by ORS 12.080(4) itself. *See* ORS 12.137(1)(a) (actions for damage to property caused by radioactive material shall be commenced within two years "from the time an injured person discovers or reasonably could have discovered the injury to property and the causal connection between the injury and the nuclear incident").

---

[1] Although plaintiff's original complaint also alleged a claim against Pendleton Round-Up & Happy Canyon Hall of Fame, that claim was dismissed and is not at issue on appeal. Consequently, all references to "defendant" refer only to defendant Rabb.

That suggests that, "when the legislature intends to subject a statute of limitations to a discovery rule, it knows how to make its intent to do so clear." *Waxman v. Waxman & Associates, Inc.*, 224 Or App 499, 511, 198 P3d 445 (2008); *see also Gladhart*, 332 Or at 233-34 (drawing a similar conclusion). Here, the text contains no indication that the legislature intended a discovery rule to apply.

Plaintiff nevertheless contends that a discovery rule is impliedly incorporated into ORS 12.080(4) by operation of ORS 12.010. That statute provides that "[a]ctions shall only be commenced within the periods prescribed in this chapter, *after the cause of action shall have accrued*, except where a different limitation is prescribed by statute." (Emphasis added.) Plaintiff observes that the term "accrued" in ORS 12.010 has been interpreted to incorporate a discovery rule, *see Berry v. Branner*, 245 Or 307, 421 P2d 996 (1966), and argues that that interpretation controls the outcome of this case.

In *Berry*, the Supreme Court addressed whether the limitations period for a medical malpractice action, as provided in ORS 12.110(1), commenced at the time of the negligent medical treatment or only upon discovery of the defendant's wrong. Although that statute did not expressly impose a discovery rule, the court nonetheless interpreted ORS 12.010 to incorporate a discovery rule into ORS 12.110(1). In other words, it determined that a malpractice action "accrued" when the plaintiff "obtained knowledge, or reasonably should have obtained knowledge[,] of the tort committed upon her person by defendant." *Id.* at 316. Since *Berry*, the court has applied a discovery rule to various claims under ORS 12.110 and other statutes. *Cole v. Sunnyside Marketplace, LLC*, 212 Or App 509, 516, 160 P3d 1 (2007), *rev den*, 344 Or 558 (2008) (so noting).

Plaintiff argues that the reasoning in *Berry* applies with equal force to this case because conversion is

"the kind [of action] that precisely fits the *Berry* analysis: Just as tort victims will sometimes not know they have been damaged (or the source of their damage) for some

years after the tort has been committed, so will those who convert property sometimes remain undiscovered for long periods of time."

Plaintiff's argument, however, is at odds with our subsequent opinion in *Waxman*, 224 Or App 499. In that case, the plaintiffs argued that ORS 12.010 imposed a discovery rule for all actions under ORS chapter 12, including, as pertinent to that case, contract actions governed by ORS 12.080(1). We rejected the plaintiffs' argument and concluded that the applicable statute of limitations for contract claims commenced on the date of the breach, rather than the date of discovery:

> "Plaintiffs' reliance on *Berry* is misplaced. *Berry* simply does not stand for the proposition that a discovery rule applies to all actions for which ORS 12.010 is implicated. Although ORS 12.010 provides that an action must be commenced within the applicable period after the cause of action accrues, it is well settled that a contract claim accrues on breach."

*Waxman*, 224 Or App at 511-12.

The same result obtains here under ORS 12.080(4). It is well established that a conversion claim accrues at the time the defendant exercises wrongful dominion or control over property in a manner that seriously interferes with the owner's rights. *Everman v. Lockwood*, 144 Or App 28, 31-33, 925 P2d 128 (1996) (conversion action accrued at the time of wrongful control over the property). It does not matter if a plaintiff is unaware of the wrongful conduct, so long as the defendant has not fraudulently concealed the conversion. *See Leavitt v. Shook*, 47 Or 239, 83 P 391 (1905) (statute of limitations for replevin action was not tolled where the plaintiff was ignorant of his property's whereabouts and the defendant did not conceal his possession of the property); *see also Chaney v. Fields Chevrolet*, 264 Or 21, 27, 503 P2d 1239 (1972) (noting that a defendant's wrongful concealment of facts that prevents discovery of a wrong or knowledge of a cause of action will toll the statute of limitations). None of plaintiff's allegations implicate a fraudulent concealment exception in this case.[2]

---

[2] Nor did plaintiff allege that defendant's initial possession of the property was lawful, in which case a conversion would not have occurred (and plaintiff's

As noted, there is nothing in the text of ORS 12.080(4) that evinces a legislative intent to alter the general rule of accrual for conversion claims. Nor is conversion the type of wrong that is so inherently difficult to detect that we might infer that the legislature intended it to be subject to a discovery rule. *See Berry*, 245 Or at 312 (unlike malpractice claims, "other tort actions * * * are normally immediately ascertainable upon commission of the wrong").

The facts, as alleged by plaintiff, indicate that defendant exercised wrongful control over plaintiff's personal property in 2000, nine years before this action was commenced. Plaintiff did not bring her action within the time prescribed by ORS 12.080(4). Thus, the trial court properly dismissed her claims.

Affirmed.

---

claim would not have accrued) until a demand and refusal were made. *See, e.g., Cross v. Campbell*, 173 Or 477, 490, 146 P2d 83 (1944) ("If the original possession was rightful, no conversion could have been based upon the defendants' continued possession until a demand was made by the plaintiff and refused[.]").