No. 6　　　　　January 30, 2014　　　　　721

IN THE SUPREME COURT OF THE
STATE OF OREGON

Joan RICE,
*Petitioner on Review,*

*v.*

Mary RABB,
*Respondent on Review,*
*and*

R-UP & HAPPY CANYON HALL OF FAME,
*Defendant.*

(CC CV091445; CA A145606; SC S060790)

On review from the Court of Appeals.*

Argued and submitted September 16, 2013.

Cody Hoesly, Larkins Vacura LLP, Portland, filed the brief and argued the cause for petitioner on review.

No appearance *contra.*

Meagan A. Flynn, Preston Bunnell & Flynn, LLP, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Balmer, Chief Justice, and Kistler, Walters, Linder, Landau, and Baldwin, Justices.**

BALDWIN, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____
　*　Appeal from Umatilla County Circuit Court, Garry L. Reynolds, Judge. 251 Or App 603, 284 P3d 1178 (2012)

　**　Brewer, J., did not participate in the consideration or decision of this case.

**BALDWIN, J.**

This case requires us to decide whether the six-year statute of limitations applicable to conversion and replevin claims under ORS 12.080(4) incorporates a discovery rule to determine when such claims "accrue" pursuant to ORS 12.010. The Court of Appeals concluded that the limitation prescribed by ORS 12.080(4) begins to run at the time of the wrongful taking of personal property and that the provision does not incorporate a discovery rule. *Rice v. Rabb*, 251 Or App 603, 284 P3d 1178 (2012). Thus, it affirmed the trial court's judgment dismissing plaintiff's complaint as time-barred because plaintiff's complaint was filed more than six years from the time of the alleged taking of plaintiff's personal property. On review, we hold that plaintiff's allegations adequately invoke a discovery rule as recognized in *Berry v. Branner*, 245 Or 307, 421 P2d 996 (1966), and we reverse.

Because the trial court decided this case on a motion to dismiss, we take the facts, and all favorable inferences that can be drawn from those facts, as alleged in plaintiff's second amended complaint. *See Huff v. Great Western Seed Co.*, 322 Or 457, 460, 909 P2d 858 (1996) (stating standard of review).

Lois McIntyre was the 1930 "Queen of the Pendleton Round-Up." In that role, she acquired a "Queen Outfit" that consisted of a white satin shirt, a white leather vest and riding skirt with black and white fringe, and a black scarf. In 1964, plaintiff's husband, who was McIntyre's son, inherited the outfit from McIntyre. Shortly after inheriting the outfit, plaintiff and her husband were approached by Lieuallen, who requested that she be given the outfit. However, plaintiff and her husband declined the request.

Plaintiff and her husband later decided to display the outfit at the Pendleton Round-Up and Happy Canyon Hall of Fame (Hall of Fame). They delivered the outfit to Lieuallen for her to deliver to the Hall of Fame for that purpose, but did not gift or transfer ownership of the outfit to Lieuallen. Lieuallen delivered the outfit to the Hall of Fame as directed. In 1972, while the outfit was still on display

at the Hall of Fame, plaintiff's husband passed away, and plaintiff inherited the outfit.[1]

In April 2000, defendant, who is an heir of Lieuallen, went to the Hall of Fame and demanded return of the outfit on behalf of Lieuallen. The Hall of Fame promptly complied with defendant's request, and defendant gained possession of the outfit. Plaintiff, who is legally blind, was unaware that the outfit had been removed from the Hall of Fame.[2] Plaintiff did not learn of the transfer until June 2007, when the Hall of Fame displays were moved to a new building. Plaintiff then demanded that defendant return the outfit, and defendant refused.[3]

In October 2009, plaintiff brought an action against defendant for conversion and replevin.[4] Plaintiff sought return of the outfit or, in the alternative, an award of damages. Defendant responded by filing a motion to dismiss plaintiff's complaint pursuant to ORCP 21 A(9), which permits a trial court to dismiss an action that "has not been commenced within the time limited by statute." Defendant argued that the six-year limitation period prescribed under the applicable statute, ORS 12.080(4),[5] began to run when defendant removed the outfit from the Hall of Fame in April 2000 and that plaintiff's action was time-barred because she filed her complaint more than six years thereafter. Plaintiff

---

[1] The record does not indicate whether the Hall of Fame had any notice of either plaintiff's or her husband's interest in the outfit. Plaintiff's original complaint was also brought against the Hall of Fame, but the claim relating to the Hall of Fame was dismissed and is not at issue on appeal.

[2] Plaintiff alleged that, because of her blindness, she was unable "to verify through eye sight" whether the outfit remained on display at the Hall of Fame.

[3] The record does not disclose the nature of defendant's legal claim to the outfit.

[4] "'Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" *Mustola v. Toddy*, 253 Or 658, 663, 456 P2d 1004 (1969) (quoting *Restatement (Second) of Torts* § 222A(1) (1965)). Replevin is a claim against a person who has deprived another of personal property seeking recovery of the property or other compensation. *See Windle Adm'x v. Flinn et al.*, 196 Or 654, 680, 251 P2d 136 (1952).

[5] ORS 12.080(4) provides:

"An action for taking, detaining or injuring personal property, including an action for the specific recovery thereof, excepting an action mentioned in ORS 12.137 *** shall be commenced within six years."

replied that ORS 12.080(4) incorporates a discovery rule by application of ORS 12.010, which provides that, for purposes of calculating the period of limitation, causes of actions shall be deemed commenced "after the cause of action shall have accrued."[6] Plaintiff contended that her cause of action did not "accrue" until she had actual or constructive knowledge that defendant had removed the outfit from the Hall of Fame. Plaintiff asserted that she had obtained that knowledge in 2007 and, therefore, her action filed in 2009 was brought within the time limit prescribed by ORS 12.080(4).

After considering the parties' arguments, the trial court granted defendant's motion to dismiss. Plaintiff appealed that ruling, and the Court of Appeals affirmed the trial court's judgment. It held that ORS 12.080(4) does not incorporate a discovery rule and that plaintiff's action was, therefore, not timely filed. We allowed plaintiff's petition for review to determine whether ORS 12.080(4) incorporates a discovery rule. For the reasons stated below, we conclude plaintiff's allegations adequately invoke a discovery rule.

The parties agree that the appropriate statute of limitations for plaintiff's action is ORS 12.080(4). However, they disagree whether that statute incorporates a discovery rule by way of ORS 12.010. The discovery rule is "a rule of interpretation of statutes of limitation that has the effect of tolling the commencement of such statutes under certain circumstances." *FDIC v. Smith*, 328 Or 420, 428, 980 P2d 141 (1999). Under the discovery rule, the period of limitations is deemed to have commenced from the earlier of two possible events: "(1) the date of the plaintiff's *actual discovery* of injury; or (2) the date when a person exercising reasonable care *should have discovered* the injury, including learning facts that an inquiry would have disclosed." *Greene v. Legacy Emanuel Hospital*, 335 Or 115, 123, 60 P3d 535 (2002) (emphasis in original); *see also Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or 270, 278, 265 P3d 777 (2011) ("The discovery rule applies an objective standard—how a

---

[6] In full, ORS 12.010 provides:

"Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

reasonable person of ordinary prudence would have acted in the same or a similar situation.").

The existence of a discovery rule cannot be assumed, but rather must be embodied in the applicable statute of limitations. *See Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 230, 26 P3d 817 (2001). Thus, we apply the statutory methodology established in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), to determine whether the legislature intended to incorporate a discovery rule in the pertinent statute of limitations. *See Gladhart*, 332 Or 226 (no discovery rule incorporated in two-year statute of limitation for products liability claims under ORS 30.90(2), which runs from when harm "occurs" as expressly provided in statute). Accordingly, we begin by examining the text and context of the applicable statutes, and our cases previously interpreting those statutes.

ORS 12.010 and ORS 12.080(4) have been part of Oregon law for more than a century and have remained largely the same. *See* General Laws of Oregon, Civ Code, ch 1, §§ 3, 6, p 140-141 (Deady 1845-1864).[7] ORS 12.010 provides generally that actions "shall only be commenced within the periods prescribed" in ORS chapter 12, "after the cause of action shall have accrued, except where a different limitation is prescribed." As relevant to plaintiff's claims for conversion and replevin, ORS 12.080(4) provides a six-year limitation on the commencement of "[a]n action for taking, detaining or injuring personal property, including an action for the specific recovery thereof."

We first note that the text of ORS 12.080(4) does not expressly state that a discovery rule may be applied to toll the commencement of the six-year limitation prescribed

---

[7] In its earlier form, ORS 12.010 provided, in part, "Actions at law shall only be commenced within the periods prescribed in this title, after the cause of action shall have accrued; except where, in special cases, a different limitation is prescribed by statute." General Laws of Oregon, Civ Code, ch 1, § 3 p 140 (Deady 1845-1864); *see also* Statutes of Oregon [Territory] 1855, ch I, § 1, p 192. In its earlier form, ORS 12.080(4) required the commencement of an action "[w]ithin six years" for "taking, detaining or injuring personal property, including an action for the specific recovery thereof." General Laws of Oregon, Civ Code, ch 1, § 6 p 141 (Deady 1845-1864); *see also* Statutes of Oregon [Territory] 1855, ch I, § 4, p 192. Thus, although the provisions have since undergone slight modification and renumbering, the relevant operative text remains the same.

therein. Plaintiff argues, however, that the text of ORS 12.010 stating that actions shall be commenced "after the cause of action shall have accrued," must be read in tandem with ORS 12.080(4). When read together, according to plaintiff, the applicable statutes, ORS 12.080(4) and ORS 12.010, require an action for conversion or replevin to be commenced within six years after the cause of action has accrued. Plaintiff therefore submits that the threshold question to determine the timeliness of the filing of an action is when a cause of action has "accrued." Plaintiff argues that this court's decision in *Berry*, 245 Or 307, in which the court construed the meaning of "accrued," directly answers that question.

In *Berry*, a medical malpractice case, a needle was left in the plaintiff's abdomen during a surgical procedure but was not found, and the cause of action was not brought, until after the applicable two-year statute of limitations had run. *See* ORS 12.110(1) (providing a two-year limitation for medical malpractice claims except in cases involving undiscovered fraud or deceit). The defendant moved to dismiss the action as time-barred, arguing that, in the absence of any fraud or deceit, the plaintiff's cause of action had accrued at the time of the negligent act—*i.e.*, during the surgery—and not at the time that the plaintiff discovered or might reasonably have discovered the negligent act.

This court examined the text of ORS 12.110(1) and noted that, in providing an undiscovered fraud exception in that provision, the legislature did not clarify the time of accrual in cases that did not involve undiscovered fraud or deceit. The court reasoned that the legislature could have intended the discovery principle to apply when it specified in ORS 12.010 that, unless otherwise indicated, the period of limitation begins to run "after the cause of action shall have accrued." The court defined the meaning of the word "accrued" in the context of that statute as follows:

> "The word 'accrue' is derived from the Latin 'ad' and 'creso' to grow to. When applied to independent or original demands it means to arise, to happen, to come into force or existence. When used with reference to a cause of action it means when an action may be maintained thereon. It accrues whenever one person may sue another. The cause

of action must necessarily accrue to some person or legal entity. To say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of any wrong inflicted upon her is patently inconsistent and unrealistic."

*Berry*, 245 Or at 311-12 (internal citation and emphasis omitted).

Because the plaintiff in *Berry* had no way of immediately ascertaining her injury, this court concluded that the limitation period applicable to "tort actions that are normally immediately ascertainable upon the commission of the wrong," should not apply. *Id.* at 312. We observed in *Berry* that the legislature "did not provide that the time of accrual was when the physician performed the negligent act. \*\*\* The legislature left the matter undetermined." *Id.* at 313. Thus, we determined that the plaintiff's cause of action had "accrued" at the time that she obtained knowledge, or at the time that a person exercising reasonable care should have obtained knowledge, of the injury negligently caused by the defendant—*viz.*, when the plaintiff discovered that a surgical needle was in her abdomen.

We conclude, following the reasoning of *Berry*, that a discovery rule applies to ORS 12.080(4) because that statute falls under the purview of ORS 12.010. ORS 12.080(4) provides that "[a]n action for taking, detaining or injuring personal property \*\*\* shall be commenced within six years" but it does not specify when the limitation begins to run. ORS 12.010 provides that actions "shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued," unless a different limitation is prescribed. Because a different limitation is not prescribed in ORS 12.080(4) or elsewhere, the six-year limitation begins to run when the cause of action accrues. Under such circumstances, a cause of action under ORS 12.080(4) "accrue[s]" within the meaning of ORS 12.010, "at the time [a] plaintiff obtained knowledge, or reasonably should have obtained knowledge of the tort committed upon her person by [a] defendant." *Berry*, 245 Or at 316.

Defendant nevertheless argues that, when read in context, it is apparent that the legislature did not intend ORS 12.080(4) to incorporate a discovery rule. In defendant's view, an examination of the text of other statutes of limitation indicates that the legislature knows how to provide for a discovery rule when it wants to do so. *See, e.g.*, ORS 12.110(5)(a) (providing that actions based on nuclear injury to persons shall be commenced "[w]ithin two years from the time an injured person discovers or reasonably could have discovered the injury and the causal connection between the injury and the nuclear incident"); ORS 12.274 (providing that actions against the trustee of an express trust "shall be commenced within six years from the date the act or omission is discovered or in the exercise of reasonable diligence should have been discovered"). Because ORS 12.080(4) does not contain a discovery rule in its text, defendant argues that such a rule should not apply.

The Court of Appeals agreed with defendant and concluded that a discovery rule does not apply to a conversion or replevin action as a matter of law. The court observed that, in ORS 12.137(1)(a)—which is expressly referred to as an exception within ORS 12.080(4) itself—the legislature provided that causes of action for property damage caused by radioactive material shall be commenced "[w]ithin two years from the time an injured person discovers or reasonably could have discovered the injury to property and the causal connection between the injury and the nuclear incident." ORS 12.137(1)(a); *Rice*, 251 Or App at 606-07; *see* Or Laws 1987, ch 705, § 3 (amending ORS 12.080(4) to provide an exception for actions "mentioned in ORS 12.137"). The court then reasoned that the legislature would have expressly included a discovery rule in ORS 12.080(4) had it intended a discovery rule to apply.

The Court of Appeals also reasoned that, although ORS 12.010 provides that an action must be commenced within the applicable period of limitation after a cause of action has "accrued," a conversion claim "accrues at the time the defendant exercises wrongful dominion or control over property in a manner that seriously interferes with the owner's rights." *Rice*, 251 Or App at 608. The court observed that

the only generally recognized exception to that rule permits courts to toll the commencement of the action in instances when fraudulent concealment has occurred.

We disagree. First, contrary to defendant's assertions, this court has not limited the application of the discovery rule to statutes of limitation that have expressly contained such a rule. Rather, since deciding *Berry*, this court has determined that a discovery rule applied in a number of cases, many of which involved statutes of limitation that did not expressly contain a discovery rule. *See [T. R. v. Boy Scouts of America](#)*, 344 Or 282, 291, 181 P3d 758, *cert den*, 555 US 825 (2008) (sexual abuse claim brought under section 1983); *Doe v. American Red Cross*, 322 Or 502, 510-12, 910 P2d 364 (1996) (personal injury action); *Gaston v. Parsons*, 318 Or 247, 254, 864 P2d 1319 (1994) (medical malpractice case involving ORS 12.110(4)); *Adams v. Oregon State Police*, 289 Or 233, 239, 611 P2d 1153 (1980) (action brought under the Oregon Tort Claims Act); *Schiele v. Hobart Corporation*, 284 Or 483, 489-90, 587 P2d 1010 (1978) (negligent infliction of an occupational disease); *U.S. Nat'l Bank v. Davies*, 274 Or 663, 666, 548 P2d 966 (1976) (legal malpractice action); *Frohs v. Greene*, 253 Or 1, 3-4, 452 P2d 564 (1969) (medical malpractice action for negligent diagnosis and treatment). Thus, the absence of an express discovery provision in ORS 12.080(4) is not dispositive.

Moreover, in the cases since *Berry* in which this court has found a discovery rule to apply, we have generally been persuaded by the fact that the applicable statute of limitations fell under the purview of ORS 12.010. In contrast, in cases in which the court has found that the legislature did not intend a discovery rule to apply, the applicable statutes generally used terms other than "accrue" for designating when the cause of action may be maintained. *See Gladhart*, 332 Or 226 (applicable statute of limitations used word "occurs," which, under the ordinary meaning of that term, indicates that the cause of action runs from the time that the damage occurred and not from the discovery of that damage); *Huff*, 322 Or 457 (applicable limitations rule used word "occurrence," and legislative history showed intent to exclude discovery rule).

In *Moore v. Mutual Enumclaw Ins. Co.*, 317 Or 235, 855 P2d 626 (1993), for example, this court reasoned that a discovery rule did not apply to a claim for breach of an insurance contract that, by law, incorporated the statute of limitations provision contained in ORS 742.240. That provision barred claims that were commenced more than one year after the "inception of the loss." In construing that phrase, we explain that "inception of the loss" was "'intended to refer to the occurrence of the event giving rise to the claim of liability and not to the accrual of liability.'" *Moore*, 317 Or at 245-46 (quoting *Bell et al. v. Quaker City F. & M. Ins. Co.*, 230 Or 615, 623-24, 370 P2d 219 (1962)). We therefore explained that, in effect, "the phrase 'after inception of the loss' in ORS 742.240 is not the equivalent of the phrase 'after the cause of action shall have accrued" in ORS 12.010." *Id.* at 248. Thus, we concluded that *Berry* and its progeny did not support the plaintiff's assertion that a discovery rule applied to claims brought under ORS 742.240.

Here, by contrast, the limitation clause at issue does fall under the purview of ORS 12.010. Under that provision, the action is commenced upon the accrual of liability unless a different limitation is prescribed. ORS 12.080(4) does not otherwise prescribe a different limitation. Moreover, we do not agree with the Court of Appeals that the legislature's subsequent amendment to ORS 12.080(4)—in which it added ORS 12.137 (relating to injury claims from exposure to radioactive materials) as an exception to ORS 12.080(4)—evinces a legislative intent that a discovery rule does not apply to ORS 12.080(4). That amendment, and the enactment of ORS 12.137, was adopted several decades after ORS 12.080(4) was initially enacted. Thus, the legislature's subsequent addition of that exception to ORS 12.080(4) does not inform us about what the legislature intended when it originally drafted ORS 12.080(4). Furthermore, reliance on the presence of a discovery rule in ORS 12.137 to conclude that ORS 12.080(4) does not incorporate a discovery rule is similar to the method of negative inference that this court rejected in *Berry* when it overruled *Vaughn v. Langmack*, 236 Or 542, 390 P2d 142 (1964).

In *Vaughn*, this court noted that the original version of ORS 12.110(1) did not contain a discovery rule but, in

1919, the legislature amended the statute to add a discovery rule for cases of fraud and deceit. The court reasoned that the subsequent amendment demonstrated that the legislature "intended that, as to all other actions, the provision that the time commences to run from the accrual of the cause of action should remain unchanged." *Vaughn*, 236 Or at 547-48. In rejecting that reasoning in *Berry*, we explained that "[t]he fact that the legislature saw fit to clarify the time of accrual with regard to undiscovered fraud does not necessarily mean that it was the original legislative intent that the discovery principle not apply in fraud cases." *Berry*, 245 Or at 310-11. We went on to explain that such legislative inaction "is not necessarily determinative in the face of the ordinary meaning of 'accrued' as it is used in relation to a cause of action." *Id.* at 311. We find that reasoning equally persuasive in this case.

Defendant also argues that the following language limits *Berry* to malpractice claims only:

> "We do not believe the legislature intended to limit patients asserting malpractice claims, who by the very nature of the treatment had no way of immediately ascertaining their injury, to the same overall period of time that is allowed for bringing other tort actions that are normally immediately ascertainable upon commission of the wrong."

*Id.* at 312. In defendant's view, an action for conversion and replevin is the type of intentional tort that is immediately ascertainable on the commission of the wrong and, accordingly, the legislature would have intended the statute of limitations to begin to run at the time of the tortious act. *See also Davies*, 274 Or at 667 ("'If the defendant's conduct in itself invades the plaintiff's rights, so that suit could be maintained regardless of damages—as with a breach of contract and most intentional torts—the statute commences upon completion of the conduct.'" (Quoting *Developments-Statutes of Limitations*, 63 Harv L Rev 1177, 1200-201 (1950).)).

The Court of Appeals agreed with defendant's argument on that point, reasoning that conversion is not

> "the type of wrong that is so inherently difficult to detect that we might infer that the legislature intended it to

be subject to a discovery rule. See *Berry*, 245 Or at 312 (unlike malpractice claims, 'other tort actions * * * are normally immediately ascertainable upon commission of the wrong.').”

*Rice*, 251 Or App at 609 (omission in original).

We disagree with the notion that this court limited the rule articulated in *Berry* by reasoning that medical malpractice cases should be subject to a discovery rule because they are unlike “other tort actions that are normally immediately ascertainable upon commission of the wrong.” 245 Or at 312. While we acknowledge that a part of the rationale in *Berry* relies on that proposition, we have subsequently applied the discovery rule in a variety of other actions. In [Doe v. Lake Oswego School District](#), 353 Or 321, 297 P3d 1287 (2013), for example, we recently examined the parameters of the discovery rule as applied to a case involving a sexual battery claim brought under a theory of “offensive contact.” The parties in *Doe* conceded that the discovery rule applied in their case, but disputed when the plaintiffs did or reasonably should have discovered the harm. The defendant contended that the plaintiffs’ battery claim accrued when the battery itself had occurred. The plaintiffs responded that they were unable to comprehend the nature of the offensive contact when the battery occurred due, in large part, to their young age. In deciding *Doe*, we observed:

> “Even though the facts that give rise to a claim have occurred, the applicable limitations period does not begin to run until the plaintiff discovers or should have discovered those facts. And the facts that a plaintiff must have discovered or be deemed to have discovered include not only the conduct of the defendant, but also, under *Gaston*, the tortious nature of that conduct.”

*Id.* at 331; *see also Gaston*, 318 Or at 257 (a plaintiff’s failure to ascertain the nature of the injury suffered is a question of fact). Thus, this court rejected the defendant’s position that a battery claim necessarily accrues at the time of the offensive contact itself.

In summary, we conclude that claims for conversion and replevin accrue when the plaintiff knows or reasonably

should know of the elements of such claims. We express no opinion on whether plaintiff's allegations are sufficient to allege that she did not have actual or constructive knowledge of the elements of those claims until 2007. That is not an issue on review in this court.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.