Argued and submitted July 21, reversed and remanded October 8, 2014

Katherine L. TAVTIGIAN-COBURN,
Trustee of the Katherine L. Tavtigian
Revocable Living Trust;
David Coburn and Laura Coburn,
husband and wife,
*Plaintiffs-Appellants,*
*v.*
ALL STAR CUSTOM HOMES, LLC,
an Oregon limited liability company;
*Defendant-Respondent,*
*and*
ALL STAR CUSTOM HOMES
& DEVELOPMENT, INC.,
an Oregon corporation,
*Defendant.*

Clackamas County Circuit Court
CV12070128; A153848

337 P3d 925

Daniel T. Goldstein argued the cause for appellants. With him on the briefs were Phillip E. Joseph, James C. Prichard, Adele J. Ridenour, and Ball Janik LLP.

Jack Levy, Chin See Ming, and Smith Freed & Eberhard P. C. filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Plaintiffs brought this action against defendants for damages arising out of alleged defects in the construction of their home, asserting claims for negligence and nuisance. The trial court granted defendant All Star Custom Homes, LLC's (All Star's) motion for summary judgment on the ground that the claims were untimely under ORS 12.080(3)[1] and entered a general judgment of dismissal.[2] Plaintiffs appeal that judgment, arguing that the trial court erred in concluding that ORS 12.080(3) does not embody a discovery rule and, accordingly, in dismissing their claims as time barred.

After the appellate briefing in this case was complete, the Supreme Court decided *Rice v. Rabb*, 354 Or 721, 320 P3d 554 (2014), in which it held that the six-year statute of limitation in ORS 12.080(4) for conversion and replevin claims[3] incorporates a discovery rule. Plaintiffs contend in a memorandum of additional authorities that the Supreme Court's reasoning in *Rice* compels the conclusion that ORS 12.080(3) also incorporates a discovery rule and, therefore, that plaintiffs' claims did not accrue until they knew or should have known of each of the elements of their negligence and nuisance claims. We agree.

In *Rice*, following the reasoning of *Berry v. Branner*, 245 Or 307, 421 P2d 996 (1966), the court concluded that a discovery rule applies to ORS 12.080(4) because, like the statute of limitation at issue in *Berry*, it "falls under the purview of ORS 12.010," which provides that the limitation periods prescribed for a claim in ORS chapter 12 begins to run upon the *accrual* of the claim, unless a different limitation

---

[1] ORS 12.080(3), the six-year statute of limitation for claims involving injury to an interest in real property, provides that "[a]n action for waste or trespass upon or for interference with or injury to any interest of another in real property [subject to certain exceptions]" "shall be commenced within six years." The parties agree that ORS 12.080(3) is the applicable statute of limitations.

[2] The court had previously entered a limited judgment dismissing plaintiffs' case against defendant All Star Custom Homes & Development, Inc.

[3] Under ORS 12.080(4), "[a]n action for taking, detaining or injuring personal property, including an action for the specific recovery thereof" must be commenced within six years.

is prescribed.[4] *Rice*, 354 Or at 728. And, the court explained, a claim accrues for purposes of ORS 12.010 "'at the time [a] plaintiff obtained knowledge, or reasonably should have obtained knowledge of the tort committed upon her person by [a] defendant.'" *Id.* (quoting *Berry*, 245 Or at 316; brackets in *Rice*). That reasoning applies equally to the statute of limitation in ORS 12.080(3). Like ORS 12.080(4), ORS 12.080(3) does not prescribe a different limitation on commencement of claims; thus, under ORS 12.010, plaintiffs' negligence and nuisance claims accrued when they knew or reasonably should have known of the elements of those claims. *Rice*, 354 Or at 733-34. Because All Star presented no evidence that plaintiffs discovered or reasonably should have discovered their claims more than six years before they filed them, the trial court erred in granting summary judgment to All Star.

Reversed and remanded.

---

[4] ORS 12.010 provides, in full, "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."