Argued and submitted September 26, affirmed December 29, 2022, petition for review denied May 18, 2023 (371 Or 106)

Mitchell ROMERO,
*Plaintiff-Appellant,*

*v.*

Shannon C. AMBURN,
dba Amburn Construction, LLC,
dba Equity Quest Homes, LLC,
dba SCA Construction, LLC,
dba Kan Construction, LLC,
*Defendant-Respondent,*

*and*

John DOES 1-20,
*Defendants.*

AMBURN CONSTRUCTION, LLC,
an Oregon Limited Liability Company,
*Third-Party Plaintiff-Respondent,*

*v.*

NSC INSTALLATION, LLC,
an Oregon limited liability company; and
Bradley R. Schmautz and Marcus Blackmon,
individuals dba Reliable Construction,
*Third-Party Defendants-Respondents.*

Multnomah County Circuit Court
18CV15985; A175063

523 P3d 1135

Plaintiff purchased a newly built house from defendant in 2008. In 2017, he discovered that construction defects had caused extensive damage to the house. He later brought this action for breach of contract and negligence. The trial court dismissed the claims on statute-of-limitations grounds. On appeal, plaintiff challenges the dismissal of the contract claims, arguing that the six-year statute of limitations for contract claims in ORS 12.080(1) is subject to the discovery rule. Plaintiff argues that *Waxman v. Waxman & Associates, Inc.*, 224 Or App 499, 198 P3d 445 (2008), in which the Court of Appeals rejected a virtually identical argument, was implicitly overruled by the Supreme Court in *Rice v. Rabb*, 354 Or 721, 320 P3d 554 (2014). *Held*: ORS 12.080(1) is not subject to the discovery rule. A long line of case law recognizes that a breach of contract action accrues upon breach. Although there is some tension between that long-established principle and the *Rice* line of case law, the two lines of case law are not necessarily irreconcilable so as to result in implicit overruling. The trial court therefore did

not err in granting summary judgment for defendant based on the statute of limitations.

Affirmed.


Thomas W. Brown, Judge pro tempore. (Judgment)

Michael A. Greenlick, Judge. (Supplemental Judgment)

Benjamin M. Karlin argued the cause and filed the briefs for appellant.

Jonathan Henderson argued the cause for respondents Shannon C. Amburn and Amburn Construction, LLC. Also on the brief were Samuel K. Anderson and Davis Rothwell Earle & Xóchihua, P.C.

No appearance for respondents NSC Installation, LLC, Bradley R. Schmautz, and Marcus Blackmon.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Plaintiff purchased a newly built house from defendant in 2008. Nearly 10 years later, he brought this action alleging hidden construction defects. Defendant moved for summary judgment on the contract claims, based on the six-year statute of limitations in ORS 12.080(1). Plaintiff opposed, arguing that the discovery rule applies to ORS 12.080(1), by virtue of ORS 12.010. Relying on established case law that a breach of contract action accrues upon breach—including *Waxman v. Waxman & Associates, Inc.*, 224 Or App 499, 198 P3d 445 (2008), in which we rejected an argument virtually identical to plaintiff's—the trial court granted summary judgment for defendant. Plaintiff appeals, arguing that the Supreme Court implicitly overruled *Waxman* in *Rice v. Rabb*, 354 Or 721, 320 P3d 554 (2014). Plaintiff contends that, under *Rice*'s reasoning, the discovery rule necessarily applies to ORS 12.080(1). As explained below, we recognize some potential tension between, on the one hand, *Rice* and its progeny, and on the other, *Waxman* and the line of cases on which it relies. However, we are unpersuaded that the two lines of cases are necessarily irreconcilable such that one implicitly overruled the other. Absent clearer guidance from the Supreme Court, we stand by existing precedent that ORS 12.080(1) is not subject to the discovery rule. Accordingly, we affirm.

FACTS[1]

Defendant is a builder. In 2007, defendant built the house at issue in this case. The house was built on speculation, that is, without a buyer under contract. Defendant received the final occupancy permit in August 2007.

In April 2008, plaintiff contracted with defendant to purchase the house for $250,000. The sale closed in May 2008.

Nine and one-half years later, in October 2017, plaintiff learned that the house had not been constructed properly, resulting in water intrusion and extensive damage. In

---

[1] When reviewing a grant of summary judgment, we state the facts from the summary judgment record in the light most favorable to the nonmoving party. *Wirth v. Sierra Cascade, LLC*, 234 Or App 740, 745, 230 P3d 29, *rev den*, 348 Or 669 (2010). We therefore state the facts in the light most favorable to plaintiff.

April 2018, plaintiff brought this action. The operative complaint contains both contract and negligence claims against defendant. Only the contract claims are at issue on appeal, so we limit our discussion to those claims. Plaintiff alleged that the parties' contract required defendant to deliver to plaintiff "a habitable residence free of material defects," that defendant had breached the contract by delivering a house with numerous defects, and that defendant had also breached the implied warranty of habitability. Plaintiff alleged that all of the defects were "hidden" and that plaintiff was "entirely unaware" of them until October 2017. Plaintiff sought $162,000 in damages for repairs to the house.

Defendant moved for summary judgment. As relevant here, defendant argued that plaintiff's contract claims were time-barred by the six-year statute of limitations in ORS 12.080(1), as the action was filed more than six years after the alleged breach. Plaintiff opposed the motion, arguing that the discovery rule applies and that there was a genuine dispute of material fact as to when plaintiff should have known of the defects. Relying on established case law that a breach of contract action accrues upon breach, including *Waxman*, 224 Or App 499, the trial court concluded that the discovery rule does not apply to ORS 12.080(1) and consequently, that plaintiff's contract claims were time-barred by the statute of limitations. The court granted summary judgment for defendant on that basis.[2]

Plaintiff appeals the resulting judgment. In his sole assignment of error, plaintiff challenges the summary judgment ruling on the contract claims.

## ANALYSIS

Summary judgment is to be granted when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any

---

[2] The trial court did not reach defendant's alternative argument that the contract claims were time-barred under ORS 12.115(1), the 10-year statute of ultimate repose for actions for negligent injury to person or property. Defendant raises that issue again on appeal, as an alternative basis to affirm the summary judgment ruling, arguing that ORS 12.115(1) should apply because the contract claims were essentially identical to the negligence claims. We need not reach that issue, given our disposition.

material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. In this case, whether defendant was entitled to summary judgment turns entirely on whether ORS 12.080(1)—which imposes a six-year statute of limitations on most contract claims—is subject to the discovery rule.

The discovery rule is "a rule of interpretation of statutes of limitation that has the effect of tolling the commencement of such statutes under certain circumstances." *Rice*, 354 Or at 725 (internal quotation marks omitted). When the discovery rule applies, the limitations period runs "from the earlier of two possible events: (1) the date of the plaintiff's actual discovery of injury; or (2) the date when a person exercising reasonable care should have discovered the injury, including learning facts that an inquiry would have disclosed." *Id.* (internal quotation marks and emphases omitted). Whether the discovery rule applies to a particular statute of limitations is a question of law, specifically statutory construction, making the key inquiry whether the legislature intended to incorporate a discovery rule into the particular statute. *Hammond v. Hammond*, 296 Or App 321, 332, 438 P3d 408 (2019).

Here, everyone agrees that the relevant statute of limitations is ORS 12.080(1). ORS 12.080(1) provides that, subject to certain exceptions not relevant here, "[a]n action upon a contract or liability, express or implied * * * shall be commenced within six years."[3] That means that the action must be commenced within six years of when it "accrues." *See* ORS 12.010 ("Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute.").

---

[3] ORS 12.080(1) contains exceptions for actions "mentioned in ORS 12.070, 12.110 and 12.135" and "as otherwise provided in ORS 72.7250." None of those exceptions are relevant here. *See* ORS 12.070 (statute of limitations for actions on court judgments, decrees, and certain sealed instruments); ORS 12.110 (statute of limitations for actions on assault, battery, false imprisonment, certain personal injuries, forfeiture, penalty, overtime or premium pay, medical or dental treatment, and nuclear incidents); ORS 12.135 (statute of repose for actions arising from the construction, alteration, or repair of real property, or the design, planning, surveying, architectural, or engineering services for an improvement to real property); ORS 72.7250 (statute of limitations for actions for breach of a contract of sale under the Oregon Uniform Commercial Code).

For more than 50 years, it has been established law that a breach of contract action accrues at the time of breach. The earliest decisions in that line of cases sought only to pin down when a known claim could be brought. In *Pierce v. Pierce*, 153 Or 248, 253, 56 P2d 336 (1936), the court stated, "Until a payor in a contract defaults, no action may be maintained against him on the contract. When default is made, an action may be brought against the payor any place where he may be found." In *Weaver et al v. Williams*, 211 Or 668, 676, 317 P2d 1108 (1957), the court quoted approvingly from Williston on Contracts, including the statement, "As soon as a party to a contract breaks any promise he has made, he is liable to an action." (Internal quotation marks omitted.) The court repeated the same statement in *Hollin v. Libby, McNeill & Libby*, 253 Or 8, 13, 452 P2d 555 (1969).

By 1972, however, the Supreme Court began speaking expressly in terms of "accrual." In *Seattle-First Nat'l Bk. v. Ore. Pac. Ind.*, 262 Or 578, 583, 500 P2d 1033 (1972), the defendant stipulated to having breached certain contracts on a particular date, but it denied having stipulated to that date being when the cause of action accrued. The court rejected that distinction, stating, "The normal inference is that the cause of action accrues at the time the breach of contract occurs." Twenty-four years later, in *Vega v. Farmers Ins. Co.*, 323 Or 291, 293, 295 n 2, 918 P2d 95 (1996), the court addressed "when an action by an insured to enforce an insurer's obligations under the underinsured motorist portion of an insurance policy" accrues for purposes of ORS 12.080(1). Citing "well-established principles of contract law," the court held "that, unless the insurance policy provides otherwise, the statute of limitations for an action to enforce an insurer's contractual obligation to pay UM/UIM benefits begins to run when the insurer breaches the contract." *Id*. at 296.

We have regularly relied on the foregoing line of authority as establishing that a breach of contract action accrues at breach, triggering the statute of limitations. *See, e.g.*, *MAT, Inc. v. American Tower Asset Sub, LLC*, 312 Or App 7, 15, 493 P3d 14 (2021) ("The statute of limitations on a claim for breach of contract is six years, and it begins to run at the time of contract breach."); *Doughton v. Morrow*, 255

Or App 422, 432, 298 P3d 578, *rev den*, 353 Or 787 (2013) ("It is well settled that a contract claim accrues on breach, and not when that breach is subsequently discovered." (Internal quotation marks and brackets omitted.)); *Frakes v. Nay*, 254 Or App 236, 263, 295 P3d 94 (2012), *rev den*, 353 Or 747 (2013) (under ORS 12.080, a contract claim "must be commenced within six years of its accrual," and it "is well settled that a contract claim accrues on breach, and not when that breach is subsequently discovered" (internal quotation marks omitted)); *Pritchard v. Regence BlueCross BlueShield*, 225 Or App 455, 458, 201 P3d 290, *rev den*, 346 Or 184 (2009) ("A claim for breach of contract accrues when the contract is breached."); *Waxman*, 224 Or App at 512 ("Although ORS 12.010 provides that an action must be commenced within the applicable period after the cause of action accrues, it is well settled that a contract claim accrues on breach."); *Assn. of Unit Owners v. Far West Federal Bank*, 120 Or App 125, 134, 852 P2d 218 (1993) ("The statute of limitations for contract claims is six years. ORS 12.080(1). The cause of action for breach of contract accrues when the contract is breached."); *Kantor v. Boise Cascade Corp.*, 75 Or App 698, 703, 708 P2d 356 (1985), *rev den*, 300 Or 506 (1986) ("A cause of action for breach of contract accrues when the contract is breached.").

Meanwhile, a second line of case law has been developing in parallel, initially relating to when a medical malpractice action accrues. In 1964, the Supreme Court held in *Vaughn v. Langmack*, 236 Or 542, 547-48, 390 P2d 142 (1964), that a cause of action for medical malpractice accrues at the time of the negligent act, not when the negligence was or might reasonably have been discovered. However, only two years later, the court reversed course in *Berry v. Branner*, 245 Or 307, 421 P2d 996 (1966), overruling *Vaughn*, and adopting the opposite rule. Under *Berry*, a cause of action for medical malpractice accrues when the negligence was or might reasonably have been discovered. *Id.* at 316.

The discovery rule articulated in *Berry* was soon extended to other types of negligence claims. *See Moore v. Mutual of Enumclaw Ins. Co.*, 317 Or 235, 247, 855 P2d 626 (1993) (stating same and citing cases). Without tracing the

full evolution of the discovery rule, as it is unnecessary for present purposes, we jump forward to the Supreme Court's 2014 decision in *Rice*. The issue in *Rice* was whether the discovery rule applies to ORS 12.080(4). 354 Or at 723. ORS 12.080(4) requires actions "for taking, detaining or injuring personal property, including an action for the specific recovery thereof, excepting an action mentioned in ORS 12.137," to "be commenced within six years." Because ORS 12.080(4) does not identify the event that begins the statute running, it is necessary to look to ORS 12.010, which applies to ORS chapter 12. *Id.* at 727-28. ORS 12.010 provides, "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have *accrued*, except where a different limitation is prescribed by statute." (Emphasis added.) Read together with ORS 12.010, ORS 12.080(4) provides for the statute of limitation to begin running when the cause of action "'accrue[s]' within the meaning of ORS 12.010[.]" *Rice*, 354 Or at 728 (first brackets in original).

      As for the meaning of "accrues," the *Rice* court looked to *Berry*, which led it to conclude that the discovery rule applies to ORS 12.080(4). *Rice*, 354 Or at 728. The court summarized each step of its reasoning to reach that conclusion as follows:

> "ORS 12.080(4) provides that '[a]n action for taking, detaining or injuring personal property *** shall be commenced within six years' but it does not specify when the limitation begins to run. ORS 12.010 provides that actions 'shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued,' unless a different limitation is prescribed. Because a different limitation is not prescribed in ORS 12.080(4) or elsewhere, the six-year limitation begins to run when the cause of action accrues. Under such circumstances, a cause of action under ORS 12.080(4) 'accrue[s]' within the meaning of ORS 12.010, 'at the time [a] plaintiff obtained knowledge, or reasonably should have obtained knowledge of the tort committed upon her person by [a] defendant.' *Berry*, 245 Or at 316."

*Id.*

      Since *Rice* was decided, we have applied its reasoning to several other statutes of limitations that fall within

the purview of ORS 12.010. In *Tavtigian-Coburn v. All Star Custom Homes, LLC*, 266 Or App 220, 222, 337 P3d 925 (2014), and *Goodwin v. Kingsmen Plastering, Inc.*, 267 Or App 506, 508, 340 P3d 169 (2014), *aff'd on other grounds*, 359 Or 694, 375 P3d 463 (2016), we relied on *Rice* and followed the same reasoning to hold that the discovery rule applies to ORS 12.080(3). ORS 12.080(3) requires actions "for waste or trespass upon or for interference with or injury to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060, 12.135, 12.137 and 273.241," to "be commenced within six years." In *Hammond*, 296 Or App at 323, 332-34, which involved an ejectment claim, we relied on *Rice* and followed the same reasoning to hold that the discovery rule applies to ORS 12.050. ORS 12.050 provides that "[a]n action for the recovery of real property, or for the recovery of the possession thereof, shall be commenced within 10 years." And, in *Hayes Oyster Co. v. DEQ*, 316 Or App 186, 200, 504 P3d 15 (2021), *rev den*, 369 Or 507 (2022), we relied on *Rice* and followed the same reasoning to hold that the discovery rule applies to ORS 12.140, the catch-all statute of limitations providing that "[a]n action for any cause not otherwise provided for shall be commenced within 10 years."

The present case requires us to consider the relationship between the *Vega*/*Waxman* line of cases and the *Berry*/*Rice* line. Relatedly, we must determine whether our decision in *Waxman* is compatible with *Rice* or, conversely, so irreconcilable with its reasoning as to drive the conclusion that *Rice* implicitly overruled *Waxman*.

In *Waxman*, 224 Or App at 501, the defendant built four rowhouses in the mid-1990s and sold one to a couple who, in 2001, sold it to the plaintiffs. After various construction defects came to light, the plaintiffs brought an action against the defendant, including contract claims. *Id*. The trial court dismissed the contract claims as barred by the six-year statute of limitations in ORS 12.080(1). *Id*. at 504. The trial court rejected the plaintiffs' argument that the discovery rule applies to ORS 12.080(1). *Id*. We affirmed on appeal. *Id*. at 512. We began from the premise that ORS 12.080(1) and ORS 12.010 must be read together, such that the six-year limitations period begins to run when the cause

of action "accrues." *Id.* at 511-12. However, we disagreed with the plaintiffs that we should look to *Berry* for the meaning of "accrues." *Id.* at 511. We instead looked to *Vega* and the "well settled" principle "that a contract claim accrues on breach" except in cases of fraudulent concealment. *Id.* at 512. We explained that, in our view, "*Berry* simply does not stand for the proposition that a discovery rule applies to all actions for which ORS 12.010 is implicated." *Id.* at 511-12.

The crux of plaintiff's argument in the present case is that *Berry* actually *does* stand for the proposition that a discovery rule applies to all actions for which ORS 12.010 is implicated, and that *Rice* clarified that point, thus implicitly overruling *Waxman*. In plaintiff's view, under the reasoning of *Rice*, any statute of limitations that falls within the purview of ORS 12.010, and thus begins to run when the cause of action "accrues," is subject to *Berry*'s definition of "accrues," *i.e.*, the discovery rule. That would include ORS 12.080(1).

Defendant disagrees. Defendant emphasizes that *Berry* and *Rice* involved tort claims—specifically, *Berry* involved medical malpractice, and *Rice* involved conversion and replevin—and argues that, in deciding *Rice*, the Supreme Court did not intend to overrule *Waxman*, let alone the entire *Vega*/*Waxman* line of cases.

Neither party fully engages with the other party's argument. Plaintiff dismisses the holding of *Waxman* as inconsistent with the reasoning of *Rice*, but he does not address *Vega* (the authority on which *Waxman* relied), which itself involved ORS 12.080(1). *See Vega*, 323 Or at 295-96, 295 n 2. Meanwhile, defendant does not really address the specific reasoning of *Rice* or chart a path to truly reconcile the *Vega*/*Waxman* line of cases with *Rice*.

Ultimately, however, it is plaintiff's obligation as the appellant to persuade us that the Supreme Court implicitly overruled *Waxman*, and we are not so persuaded. There is language in *Rice* that could be read to support plaintiff's position. For example, at one point, the court states, "We conclude, following the reasoning of *Berry*, that a discovery rule applies to ORS 12.080(4) *because that statute falls under the purview of ORS 12.010.*" *Rice*, 354 Or at 728 (emphasis

added). At another point, the court seemingly adopts *Berry*'s definition of "accrues" as *the* meaning of "accrues" in ORS 12.010. *See id.* ("[A] cause of action under ORS 12.080(4) 'accrue[s]' within the meaning of ORS 12.010, 'at the time [a] plaintiff obtained knowledge, or reasonably should have obtained knowledge of the tort committed upon her person by [a] defendant.' *Berry*, 245 Or at 316." (First brackets added.)).

On closer scrutiny, however, we are not persuaded that *Rice* goes as far as plaintiff contends. The fact is that *Rice* did not involve a contract action. There is a long line of authority from the Supreme Court and this court that a contract action "accrues" at breach, including *Vega*, which specifically involved ORS 12.080(1). No one advocated for a discovery rule in *Vega* or many of the cases in the *Vega/ Waxman* line, but the fact remains that those cases say over and over that a contract action accrues at breach. Holding otherwise would be a major shift in contract law.

It is also important to recognize that *Vega*, *Waxman*, and other cases in the *Vega/Waxman* line specifically use the term "accrues." Under the reasoning of *Rice*, there is no question that the limitations period in ORS 12.080(1) begins to run when the contract action "accrues." *See Rice*, 354 Or at 728 (explaining that, because ORS 12.080(4) does not specify when the six-year limitation period begins to run, the court looks to ORS 12.010, and it follows that the "the six-year limitation begins to run when the cause of action accrues"). If the *Vega/Waxman* line of cases was premised on ORS 12.010 not applying or something other than accrual triggering the limitations period to begin running, we might be compelled to conclude that *Rice* overruled them. But that is not the case. *Waxman* accepted the premise that ORS 12.080(1) and ORS 12.010 must be read together, such that the limitations period begins to run when the contract action "accrues," and it relied on *Vega* as establishing that a contract action "accrues" at breach. *Waxman*, 224 Or App at 512.

We are therefore faced with two separate lines of case law, each addressing when particular types of actions "accrue."[4] We are not persuaded that those two lines of case

---

[4] Neither party mentions *Moore*. That case involved an action for breach of contract, specifically a fire insurance policy. 317 Or at 237. The applicable statute

law cannot coexist. That is particularly so in the absence of efforts by the parties to put the two lines of case law into sufficient historical context to make clear whether they are actually in tension or not. There is potential tension. We do not foreclose the possibility that the Supreme Court may see fit to clarify the law in a way that results in over-ruling *Waxman*. However, we believe that *Berry* and *Rice* allow room for at least the possibility that contract actions "accrue" at the time of breach, as the *Vega/Waxman* line of cases states, even if most other types of actions "accrue" when the plaintiff knew or reasonably should have known of the wrong, under the reasoning of *Rice*. As long as there is a legitimate possibility of reconciling the two lines of cases, we cannot say that one implicitly overruled the other.[5]

Accordingly, we reaffirm our holding in *Waxman* that the statute of limitations in ORS 12.080(1) is not subject to the discovery rule. It follows that plaintiffs' contract claims are time-barred under ORS 12.080(1). The trial court did not err in granting summary judgment for defendant.

Affirmed.

---

of limitations required the action to be "'commenced within twelve months next after inception of the loss.'" *Id*. at 238 (quoting ORS 742.240 (1991)). The primary issue on review was whether the defendant had waived the statute of limitations; the Supreme Court concluded that there was no evidence of waiver. *Id*. at 240, 243-44. The court then considered the plaintiff's alternative argument, based on *Berry*, that the discovery rule applied. *Id*. at 244. In rejecting that argument, the court distinguished *Berry* and other negligence cases on the basis that they "fell within the purview of ORS 12.010" and that the use of the term "accrued" in ORS 12.010 "provided a basis for recognizing a discovery rule," whereas the limitations period in ORS 742.240 was triggered by the "inception of loss," which "does not provide an equivalent basis for recognizing a discovery rule." *Id*. at 247-48. The court went on to explain that the legislative history showed that a discovery rule was not intended with respect to ORS 742.240 and that, in any event, "the phrase in question is not amenable to a discovery rule as a matter of English." *Id*. at 250. *Moore* gives us some pause, given its reasoning, so we acknowledge it. However, *Vega* specifically addressed when a contract action "accrued" for purposes of the statute of limitations in ORS 12.080(1), and the Supreme Court decided *Vega* three years *after Moore*. On the whole, *Moore* does not persuade us to read *Vega* more narrowly than we did in *Waxman*.

  [5] We note that, if *Waxman* stood alone, we would have authority to reconsider it, even if *Rice* did not strictly overrule it, because *Waxman* is a decision of this court. We do not have that type of authority with respect to Supreme Court cases such as *Vega*, which are binding on us. The practical effect of the distinction is that an appellant must persuade us that there is no possible way to reconcile two Supreme Court cases before we will say that one implicitly overruled the other.